Elizabeth SELLERS, Plaintiff,

v.

FOREMOST INSURANCE COMPANY, et al., Defendants.

Civil Action No. 96–T–197–N.

United States District Court,
M.D. Alabama,
Northern Division.

April 24, 1996.

Jere L. Beasley, Thomas James Methvin, Julia Ann Beasley, Richard D. Morrison, Beasley, Wilson, Allen, Main & Crow, P.C., Montgomery, AL, for plaintiff.

James A. Byram, Jr., Charles M. Crook, Anna Cathryn Northington, Balch & Bingham, Montgomery, AL, for defendant.

## ORDER

MYRON H. THOMPSON, Chief Judge.

Plaintiff Elizabeth Sellers initially filed this lawsuit in the Circuit Court of Bullock County, Alabama on January 3, 1996, charging defendants Foremost Insurance Company, Jewell Tabler, and Sam Tabler with fraud, fraudulent suppression, negligence and conspiracy to defraud relating to Sellers's purchase of a mobile home insurance policy. Sellers claims that the defendants fraudulently failed to disclose to her that non-mandatory adjacent structure coverage was included in the policy and that she would be charged an additional premium for such coverage. On February 6, 1996, Foremost Insurance removed this lawsuit to federal court, basing removal on diversity-of-citizenship jurisdiction pursuant to 28 U.S.C.A. §§ 1332, 1441. This matter is now before the court on Sellers's motion to remand. Oral argument was held on the motion on April 18, 1996.

"Very early in the judicial history of this country, the Supreme Court established the rule of complete diversity of citizenship in *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). This rule requires that all plaintiffs and all defendants must be of different citizenships." *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1557 (11th Cir.1989). Foremost Insurance is incorporated in and has its principal place of business in a state other than the State of Alabama. However, because Sellers and the Tablers are all citizens of the State of Alabama, complete diversity of citizenship is not present in this case. Foremost Insurance contends that Sellers fraudulently joined the Tablers as defendants in order to defeat diversity of citizenship.

■ The citizenship of a resident defendant fraudulently joined should not be considered by a court for the purpose of determining diversity jurisdiction. The removing

party bears the burden of proving that the joinder of the resident defendant was fraudulent. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983). In order to establish fraudulent joinder, the removing party must show either "[1] that there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court or [2] that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.; see also Cabalceta,* 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker,* 709 F.2d at 1440–41. The court must evaluate all factual issues and questions of controlling substantive law in favor of the plaintiff. *Cabalceta,* 883 F.2d at 1561.

■ Sellers maintains that, in determining whether joinder is fraudulent, the court may look only to the pleadings. Admittedly, the Eleventh Circuit Court of Appeals reaffirmed that "Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'" *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1359 (11th Cir.1996) (quoting *Coker,* 709 F.2d at 1440). And, admittedly, the defendants have not asserted that Sellers has failed to meet Rule 9's requirement that, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P.9. Sellers has adequately alleged fraud against the Tablers.

Sellers overlooks, however, that the Eleventh Circuit has also made clear that the district court "can consider any submitted affidavits and/or deposition transcripts." *Cabalceta,* 883 F.2d at 1561. As the Fifth Circuit Court of Appeals has stated, "While we have frequently cautioned the district courts against pretrying a case to determine removal jurisdiction, we have also endorsed a summary judgment-like procedure for disposing of fraudulent joinder claims." *Cavallini v. State Farm Mutual Auto Insurance Co.,* 44 F.3d 256, 263 (5th Cir.1995) (quoting *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990)). "'[F]raudulent joinder claims can be resolved by piercing the pleadings and considering summary judgment-type evidence such as affidavits and deposition testimony.'" *Cavallini,* 44 F.3d at 263 (quoting *Ford v. Elsbury,* 32 F.3d 931, 935 (5th Cir.1994)).

■ This court must acknowledge that Sellers has not yet had a full opportunity to engage in discovery to prove her claim of fraud against the Tablers. The court also agrees with Sellers that she should not be unjustly cut off at this early stage from pursuit of a possibly valid claim. The question then is how should a court assess factual allegations for fraudulent joinder when there has not been a full opportunity for discovery. The court need not look far for an appropriate threshold standard. A party submitting a pleading must meet, at least, the requirements of Rule 11 of the Federal Rules of Civil Procedure, which provides, in part, that, "By presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

Rule 11 recognizes, as the 1993 Advisory Committee Notes state, that "a litigant may have good reason to believe that a fact is true or false but may need discovery, formal or informal, from opposing parties or third persons to gather and confirm the evidentiary basis for the allegation." Nonetheless, as the Committee Notes further state, "Tolerance of factual contentions ... when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to join parties [or] make claims ... without any factual basis or justification." Thus, Rule 11 requires that a litigant be able provide some showing that "the allegations and other factual contentions

have evidentiary support or ... are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

The court believes that, because a fraudulent-joinder charge based on lack of evidence raises a concern already addressed by Rule 11—that is, that a plaintiff may have good reason to believe that a fact is true but may need discovery to confirm the fact—Rule 11's standard should apply to such a charge. Therefore, to block a fraudulent-joinder charge based on lack of evidence, a plaintiff who has not been able to engage in full discovery must be able to provide some showing that her claim against the resident defendant has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.*

■ Applying these standards, the court concludes that the Tablers have been fraudulently joined as defendants. It is undisputed that the Tablers sold Sellers a mobile home. At oral argument, however, counsel for Sellers admitted that he had no evidence whatsoever that supports, or is likely to lead to evidence that supports, a viable claim against the Tablers. Indeed, the evidence in the record reflects that the Tablers were not present when the mobile home insurance policy was sold to Sellers, and thus the Tablers had nothing to do with Sellers's purchase of the policy.

Accordingly, it is ORDERED as follows:

(1) That plaintiff Elizabeth Sellers's motion to remand to state court, filed on February 29, 1996, is denied; and

(2) That defendants Sam Tabler and Jewell Tabler are dismissed.

---

* Rule 11 further provides, in part, that, "By presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Therefore, to block a fraudulent-joinder charge *based on lack of legal support*, a plaintiff need only show that her claim against a resident defendant is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.