Mary R. CLAY, Plaintiff,

v.

BROWN & WILLIAMSON TOBACCO
CORP., et al., Defendants.

No. CIV. A. 99–D–1006–N.

United States District Court,
M.D. Alabama,
Northern Division.

Oct. 28, 1999.

Jere L. Beasley, Richard D. Morrison,
R. Graham Esdale, Jr., Montgomery, AL,
for Plaintiff.

J. Fairley McDonald, III, Peter S.
Fruin, Montgomery, AL, H. Thomas

Wells, Jr., W. Randall Bassett, Birmingham, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court are Plaintiff Mary Clay's ("Plaintiff") Motion To Remand and Brief In Support Of Motion To Remand ("Pl.'s Br."), filed October 5, 1999. On October 20, 1999, Defendants Philip Morris, Inc. ("Philip Morris") and Brown & Williamson Tobacco Corp. (individually and as successor by merger to The American Tobacco Co.) ("Brown & Williamson") filed their Memorandum Of Law In Opposition To Plaintiff's Motion To Remand, which the court construes as a Response ("Resp."). On October 26, 1999, Plaintiff filed a Response To Defendants' Memorandum Of Law In Opposition To Plaintiff's Motion To Remand, which the court construes as a Reply. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiff's Motion To Remand is due to be granted.

## I. REMAND STANDARD

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

■ Because removal jurisdiction raises significant federalism concerns, the removal statutes must be strictly construed, *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), and all doubts must be resolved in favor of remand to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3rd Cir.1990)); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir.1983); *see also Stone v. Williams*, 792 F.Supp. 749 (M.D.Ala. 1992). Further, it is well-settled that the

defendant, as the party removing this action to federal court, has the burden of establishing federal jurisdiction. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

■ A district court has original jurisdiction over all cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).

As the Supreme Court has long recognized, a defendant's "right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant.... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts.... [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998) (citations omitted).

■ The defendant bears the burden of proving fraudulent joinder. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)). The burden on the defendant is a "heavy one" that requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff,

and the court must resolve all uncertainties about state substantive law in favor of the plaintiff. *See id.; Coker*, 709 F.2d at 1440 (citing *Bobby Jones Garden Apts., Inc. v. Suleski*, 391 F.2d 172, 177 (5th Cir.1968)).[1] If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court. *See Coker*, 709 F.2d at 1440 (citing *Parks v. New York Times, Co.*, 308 F.2d 474, 477–78 (5th Cir.1962)). In addressing fraudulent joinder, the court may consider both affidavits and deposition excerpts. *See Cabalceta*, 883 F.2d at 1561.

## II. FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff contends that she began smoking cigarettes when she was fifteen years old, and that she smoked at least a pack a day until 1999. (Compl.¶ 21.) Plaintiff claims that she became addicted to nicotine at an early age and "was unaware at the time that she was becoming addicted to the nicotine in the cigarettes." (*Id.* ¶ 22.) Plaintiff primarily smoked cigarettes manufactured by Defendants. (*Id.* ¶ 23.) In 1999, Plaintiff was diagnosed with lung cancer. (*Id.* ¶ 24.) Her deteriorating health caused her to quit smoking and quit her job and forced her to undergo various medical treatments. (*Id.* ¶¶ 23–24.)

Plaintiff alleges that Defendants "designed, manufactured, distributed, marketed and sold" cigarettes which were unreasonably dangerous when used for their intended purpose. (*Id.* ¶ 46.) Plaintiff further contends that Defendants knew, or reasonably should have known, that cigarettes were likely to lead to lung cancer and other diseases, and that use of cigarettes would lead to addiction. (*Id.* ¶¶ 29–30.) Additionally, Plaintiff alleges that Defendants had "significantly greater knowledge of the composition of cigarettes," their addictive nature, and the health hazards they posed, yet Defendants continued to sell cigarettes without warning the public about the hazards associated with cigarettes. (*Id.* ¶¶ 33–34.)

Defendants Brown & Williamson and Philip Morris are large manufacturers of tobacco products who do business in Alabama by agent. (*Id.* ¶¶ 2–3.) Defendants Brunos, Inc., Food World, Inc., Winn–Dixie Montgomery, Inc., Racetrac Petroleum, Inc. and United Stop N Shop, Inc. are Alabama retailers that sell cigarettes. (*Id.* ¶¶ 4–8.) Plaintiff alleges. that individual Defendant Jim Wilcox ("Wilcox") is an Alabama resident and a former employee of Philip Morris. (*Id.* ¶ 9.) Lastly, Plaintiff contends that individual Defendant John Castaneda ("Castaneda") is an Alabama resident and a former employee of Brown & Williamson. (Id.¶ 10.)

Plaintiff commenced this action by filing a four-count Complaint against Defendants in the Circuit Court of Lowndes County, Alabama, in August 1999, claiming violations of the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) (count I), negligence (count II), wantonness (count III), and conspiracy (count IV). Defendants Philip Morris and Brown & Williamson[3] filed a Notice Of Removal

---

1. Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

2. The facts are construed in the light most favorable to Plaintiffs as they must be for the purposes of a motion to remand. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

3. The Eleventh Circuit employs the "unanimity rule," which requires that all defendants consent to removal. *See Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants, Local 349*, 427 F.2d 325, 326–27 (5th Cir.1970); *Miles v. Kilgore*, 928 F.Supp. 1071, 1076 (N.D.Ala.1996). This rule is subject to the following exception: "unless and until the case is remanded it is not necessary that a fraudulently or improperly joined defendant join with the other defendants in a petition for removal." *Erkins v. American Bankers Ins. Co. of Florida*, 866 F.Supp. 1373, 1375 (N.D.Ala.1994) (citations omitted); *see also Emrich v. Touche Ross & Co.*, 846 F.2d

("Notice") to this court on September 8, 1999, on the grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332. It is undisputed that the Parties meet the amount in controversy requirement of § 1332. Defendants claim that the diversity of citizenship requirement of § 1332 does not prevent removal because the only non-diverse defendants were fraudulently joined by Plaintiff. (Notice ¶ 12.) In her Motion To Remand, Plaintiff argues that the Alabama Defendants "are not fraudulently joined" and that the case is due to be remanded to the Circuit Court of Lowndes County. (Pl.'s Br. at 2.) For the reasons stated herein, the court agrees with Plaintiff that this cause is due to be remanded.

## III. DISCUSSION

■ In the present case, Plaintiff alleges that Defendants violated the AEMLD (Compl. at Count One), whereas Defendants claim that the individual[4] and non-diverse retail Defendants were fraudulently joined because "[P]laintiff has no possible claim against the retailer and individual defendants under AEMLD." (Notice ¶ 21.) When determining whether a resident defendant is fraudulently joined, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *de Perez v. AT&T Co.*, 139 F.3d 1368, 1380–1381 (11th Cir.1998) (quoting *Crowe*, 113 F.3d at 1538). Thus, the court must determine whether Plaintiff's claims under the AEMLD against Castaneda and the non-diverse retail Defendants are arguable under Alabama law.

The Alabama Supreme Court first announced the judicially created AEMLD in *Atkins v. American Motors Corp.*, 335 So.2d 134 (Ala.1976). To establish a claim under the AEMLD a plaintiff must prove:

(1) he suffered injury of damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) Showing these elements, the plaintiff has proved a prima facie case although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from, or entered into any contractual relation with, the seller.

*Atkins*, 335 So.2d at 141.

### A. Individual Defendants

■ Defendants argue that Plaintiff fails to allege any facts which support an AEMLD cause of action against Castaneda. (Resp. at 8.) First, Defendants note that Castaneda has never had any personal contact with Plaintiff. (*Id.*) Second, Defendants argue that Plaintiff presents no evidence that Castaneda personally partici-

---

1190, 1193 n. 1 (9th Cir.1988) (holding that all properly served defendants must join in petition for removal except for nominal, unknown, or fraudulently joined parties); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir.1983) (holding that a "party fraudulently joined to defeat removal need not join in removal petition"). Therefore, the court finds that the failure of the individual and retail Defendants to join in the Notice Of Removal does not destroy this court's jurisdiction because Defendants Philip Morris and Brown & Williamson claim that they were fraudulently joined. Defendant Wilcox filed a Notice Of Joinder on September 8, 1999,

whereby he consented to the removal of this action from the Circuit Court of Lowndes County, Alabama.

4. Defendants claim Wilcox is a resident of Florida and, as such, a diverse defendant. Though Defendants believe Wilcox has been fraudulently joined, they do not address the issue of fraudulent joinder as it relates to Wilcox. Because the court finds that Plaintiff stated viable claims against Castaneda and the non-diverse retail Defendants, the court assumes that Wilcox is diverse for purposes of this action and will not address the issue of fraudulent joinder as it pertains to Wilcox.

pated in any tort against Plaintiff. (*Id.*) Though Defendants are correct in pointing out that "[m]ere participation is not enough to subject Castaneda to personal liability, the court does not agree that Plaintiff cannot establish a cause of action against Castaneda." (*Id.* at 8–9.)

Plaintiff articulates two main reasons why she has a viable claim under the AEMLD against Castaneda. First; Castaneda serves as Brown & Williamson's Key Account Manager for Alabama, where he handles and services certain customer accounts. (Pl.'s Br. at 8.) Plaintiff alleges that Castaneda and the retail Defendants had "superior knowledge to that of the average consumer as it relates to the addictiveness and the dangers and hazards involved in the consumption of ... cigarettes." (Compl.¶ 32.)

Second, although she has not yet been able to complete discovery, Plaintiff claims that "evidentiary support of the Plaintiff's claim that Mr. Castaneda actively participated in the sale and distribution of Brown & Williamson tobacco products is also likely after a reasonable opportunity for further discovery." (Pl.'s Br. at 8.)

As Judge Thompson points out in *Sellers v. Foremost Insurance Company*, 924 F.Supp. 1116, (M.D.Ala.1996), Rule 11 recognizes that a Plaintiff may need additional discovery to establish an evidentiary basis for an allegation. *Id.* at 1118–1119. Further, Rule 11 explicitly requires that a Plaintiff show that "the allegations and other factual contentions have evidentiary support or ... are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(3). The court finds that Plaintiff has met this burden. Given Castaneda's position within Brown & Williamson, the court finds that, with further discovery, Plaintiff may be able to show that Castaneda participated in the tort against Plaintiff.

In two cases involving similar claims against similarly situated resident defendants, Judge Thompson found no fraudulent joinder. *See Seaborn v. R.J. Reynolds Tobacco Co.*, No. 96–T–1540–N, 1996 WL 943621 (M.D.Ala. Dec.30, 1996) (Thompson, J.); *Jenkins v. R.J. Reynolds Tobacco Co.*, No. 96–T–1489–N (M.D.Ala. Dec. 30, 1996) (Thompson, J.). The court noted:

> [Plaintiff] seeks to hold not only R.J. Reynolds liable under the AEMLD, he seeks to hold some of the company's individual employees—Tate, Huffman, McDermott, Hightower, and Hinson—liable as well. "In Alabama, the general rule is that officers or employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity." *Ex parte Charles Bell Pontiac–Buick–Cadillac–GMC, Inc.*, 496 So.2d 774, 775 (Ala.1986) (citing *Candy H. v. Redemption Ranch, Inc.*, 563 F.Supp. 505, 513 (M.D.Ala.1983)); *see also Chandler v. Hunter*, 340 So.2d 818, 822 (Ala.Civ.App.1976). Obviously, to the extent R.J. Reynolds allegedly violated the AEMLD, it acted through its employees; the company does not employ ghosts. [Plaintiff] should be allowed to pursue these individual defendants, and, if, after discovery, it should turn out that he has named the wrong persons, he should be allowed to make substitutions.

*Seaborn*, No. Civ. A. 96–T–1540–N, 1996 WL 943621 at 8. The same language can be applied here: Defendants Philip Morris and Brown & Williamson clearly do not employ ghosts. That is, the court finds that some of the moving Defendants' employees are likely to hold some superior knowledge regarding the nature of cigarettes: The court finds that it is therefore conceivable that Plaintiff's AEMLD claims against Castaneda may be viable.

## B. Retail Defendants

Regarding the non-diverse Retail Defendants, Defendants argue that distributors cannot be held liable under the AEMLD when they simply distribute prepackaged products. (Resp. at 13–14.) Defendants claim that the non-diverse retail Defen-

dants engaged in no conduct which affected the allegedly defective cigarettes. Under the AEMLD, Defendants point out that a distributor cannot be held liable when there is no "causal relation between a distributor's activities in handling the product and its alleged defective condition." (*Id.* at 14, citing *Fleming Farms v. Dixie Ag Supply,* 631 So.2d 922, 927 (Ala. 1994).)

Plaintiff argues that such a causal connection exists here. Plaintiff contends that the non-diverse retail Defendants have "superior knowledge" of the alleged defect in the cigarettes than the public. (Compl. ¶ 33.) Plaintiff submits the affidavit of Mark Freeman ("Freeman"), a licensed pharmacist in Alabama. Freeman states that he "received information concerning the effects of tobacco use on consumers ... which was much more detailed and extensive than available to the general public." (Freeman Aff.) The court finds that Plaintiff presents this evidence in support of the proposition that similarly situated employees of the non-diverse retail Defendants must have had similar knowledge. Defendant argues that Freeman's statements are irrelevant because he never worked for any of the named retail defendants. (Resp. at 16.) Indeed, after further discovery, Freeman's statements may prove to be worthless as to this litigation. After complete discovery, though, Freeman's testimony may provide great evidentiary support for Plaintiff's claims against the retail Defendants. The court finds that Freeman's testimony may lead to evidence that the retail Defendant's possessed superior knowledge regarding cigarettes. While Defendants' argument attacks the relevance of Freeman's statement, the court finds that the evidence tends to show that Plaintiff has a viable AEMLD claim against the retail Defendants.

## C. Costs and Attorney's Fees

Plaintiff respectfully requests that the court assess costs and attorney's fees against the removing Defendants. (Pl.'s Br. at 11.) Plaintiff correctly points out that the court has broad discretion to award attorney's fees under 28 U.S.C. § 1447(c). Because the court finds that the removing Defendants acted in good faith when presenting their reasonable and well-articulated arguments in support of removal and against remand, the court declines to assess any attorney's fees against the removing Defendants.

## ORDER

Based on the foregoing, the court finds that Plaintiff states an arguable claim under the AEMLD against Castaneda and the non-diverse retail Defendants. It is therefore CONSIDERED and ORDERED that, pursuant to 28 U.S.C. § 1447(c), Plaintiffs' Motion To Remand be and the same is hereby GRANTED.[5] The Clerk of the Court is DIRECTED to take all steps necessary to effectuate remand of this action to the Circuit Court of Lowndes County, Alabama.

It is further ORDERED that Plaintiff's Motion To Stay, filed on October 5, 1999, be and the same is hereby DENIED AS MOOT.

It is further ORDERED that the Motion To Dismiss, filed by Defendant James Thomas Wilcox on September 15, 1999, is left for resolution by the state court after remand.

5. Because the court finds that Plaintiff states an arguable cause of action under AEMLD against the individual and non-diverse retail Defendants, which is sufficient to remand the above-styled case, the court declines to address whether Plaintiff states an arguable cause of action for negligence (count II), wantonness (count III), and conspiracy (count IV).