[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**JUNE 13, 2001**
**THOMAS K. KAHN**
**CLERK**

_____

No. 00-10963
_____

D. C. Docket No. 98-00748-CV-BH-M

BRENDA D. TILLMAN, as Executrix
under the Last Will and Testament of
Kalen Oliver Tillman, Deceased,

Plaintiff-Appellant,

versus

R. J. REYNOLDS TOBACCO, et al,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(June 13, 2001)**

Before RONEY and HILL, Circuit Judges.[*]

PER CURIAM:

_____

[*] This case is being decided by a quorum of the judges who sat for oral argument. During oral argument, Judge Susan Black discovered that she should recuse herself from consideration of this appeal. Under such circumstances, it is appropriate for the remaining members of the court to fulfill their responsibility to consider the appeal if they can reasonably do so. *See Federal Sav. & Loan Ins. Corp. v. D & D Golfview Properties, Inc.,* 874 F.2d 1509 (11th Cir.1989).

The key to the appeal in this tobacco/cancer case challenging the diversity jurisdiction of the district court is whether the complaint states a cause of action under Alabama law against three resident retail distributors of cigarettes. The district court held it did not, dismissed the retailers as being fraudulently joined, and proceeded to summary judgment in favor of the defendant tobacco companies. Before considering the correctness of the decision against the tobacco companies, we must determine if the court had jurisdiction. The alleged cause of action against the retail establishments poses important and undecided questions of Alabama law, therefore, we certify that issue to the Alabama Supreme Court. In reaching the decision to certify, we affirm the district court's ruling that the complaint did not state a cause of action against the individual resident defendants. The court properly dismissed them as being fraudulently joined.

Plaintiff's decedent, Kalen O. Tillman, Sr. filed this suit on June 18, 1998, in circuit court in Mobile County, Alabama, alleging that he developed lung cancer as a result of his smoking Winston cigarettes beginning in 1968, which led to his death pending this litigation in April 1999. According to the complaint, Tillman began smoking in 1968 at the age of 12, more than two years after the Surgeon General's warnings were required to be placed on every package of cigarettes sold in the United States and four years after the Surgeon General's 1964 report on the adverse health

effects of smoking. Plaintiff alleges Tillman became "addicted" to nicotine at an early age and was a multi-pack a day smoker.

The complaint contained four counts alleging claims for products liability under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), negligence, wantonness and civil conspiracy. The complaint named as defendants R.J. Reynolds Tobacco Co.(Reynolds); its parent company, RJR Nabisco, Inc.; three Alabama retailers that sold cigarettes to plaintiff, Winn-Dixie of Montgomery, Inc., Food World and Racetrac Petroleum, Inc.; and five individuals, James Franklin Tate, Jr., Robert L. Huffman, Michael McDermott, Sr., Dennis Hightower and Dwight Hinson, all of whom are Alabama residents and current or former employees of Reynolds.

Defendants removed the case to federal district court, Southern District of Alabama, on July 20, 1998 on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, and plaintiff filed a motion to remand in August 1998. In October 1998, the district court denied plaintiff's motion to remand and dismissed the retailers and individual defendants as fraudulently joined. Plaintiff voluntarily dismissed RJR Nabisco, Inc., which left Reynolds as the sole defendant. Plaintiff is a citizen of Alabama and Reynolds is a New Jersey corporation with its principal place of business in North Carolina. In January 2000, the district court granted defendant's motion to dismiss for failure to state a claim and entered judgment in favor of

Reynolds. *See Tillman v. Reynolds Tobacco Co.,* 89 F.Supp. 2d 1297 (S.D. Ala. 2000).

For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. *See Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284,1287(11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440-41 (11th Cir. 1983), superceded by statute on other grounds as stated in *Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate. *Triggs,* 154 F.3d at 1287(emphasis in original).

1.    *Individual defendants.*

We affirm the district court's decision that the complaint failed to demonstrate any viable cause of action against the five individual defendants. Plaintiff alleged that these defendants were employed by Reynolds in the promotion, advertising and sale of cigarettes, and knew that the cigarettes designed, manufactured, and sold by Reynolds were unreasonably dangerous. According to the complaint, these defendants knew that smoking Reynold's cigarettes would lead to nicotine addiction and that persons who were addicted would not be able to quit smoking and would buy more cigarettes. They also knew that persons smoking these cigarettes were likely to contract lung cancer and other diseases and would likely die as a result. Thus, by virtue of their positions with Reynolds, these defendants had superior knowledge to that of the average consumer regarding the addictive nature of Winston cigarettes and the dangers and hazards attendant with smoking them.

The district court correctly held that plaintiff failed to tie these defendants to the underlying allegations of the complaint:

> There is no claim that the plaintiff ever dealt with any of them, or that they made any representations on which plaintiff relied to start or continue smoking. None of the individual defendants had any involvement in the design, manufacture, or labeling of Reynolds' cigarettes. None of the individual defendants were even employed by Reynolds when plaintiff began smoking in 1968 and allegedly became addicted to Reynold's cigarettes.

5

2.    *Retail Merchants*.

The original complaint  named three retail defendants: Winn-Dixie of Montgomery, Inc., Racetrac Petroleum, Inc., and Food World, all of whom sold Winston cigarettes at retail to consumers, including the decedent.[1]  Plaintiff alleged they sold cigarettes to decedent when he was under the age of nineteen, in violation of Alabama Code § 13A-12-3, causing decedent to become addicted to nicotine before reaching the age of consent.

Plaintiff alleges a cause of action against the Alabama retail defendants under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), in negligence and wantonness in the marketing and sales of cigarettes.

---

[1]    The district court denied plaintiff's motion to amend the complaint after removal to include two companies, Bruno's, Inc, the corporation that operates Food World grocery stores and Delchamps, Inc., another grocery store chain as defendants.  Plaintiff alleged that these retailers had significantly greater knowledge of the composition of cigarettes, the addictive  nature of nicotine, and the dangers and hazards presented in the consumption of cigarettes than did the consuming public, by virtue of the fact that these defendants operated pharmacies and employed licensed pharmacists.  Plaintiff claimed that the pharmacists employed by these defendants have been educated in and are aware of the addictive nature of nicotine and the carcinogenic nature of cigarette smoke for many years, thus giving these defendants superior knowledge of these facts by virtue of the knowledge, experience and training of their employees.

For purposes of considering the specific jurisdictional question before us, we consider only the original complaint, however, because the question of diversity subject matter jurisdiction is determined on the plaintiff's pleadings at the time of removal. *See Pullman v. Jenkins,* 305 U.S. 534,537 (1939); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553,1561 (11th Cir. 1989).  We leave to the Alabama Supreme Court in its consideration of our certified question the issue whether it would make a difference if a pharmacy was part of a retail defendant's business.

This appears to us to be the status of Alabama law at this time. To recover under the AEMLD, plaintiff must show, among other things, that "an injury was caused by one who sold a product in a defective condition that made the product unreasonably dangerous to the ultimate user or consumer...."*Bell v. T.R. Miller Mill Co.*, 768 So.2d 953, 957 (Ala. 2000); *see also Allen v. Delchamps, Inc.*, 624 So.2d 1065,1068 (Ala. 1993). A product is not unreasonably dangerous unless it fails to "meet the reasonable safety expectations of an 'ordinary consumer,' that is, an objective 'ordinary consumer,' possessed of the ordinary knowledge common to the community." *Deere & Co. v. Grose, 586* So.2d 196, 198 (Ala. 1991) (citations omitted); *see also Casrell v. Altec Indus., Inc.*, 335 So.2d 128, 133 (Ala. 1976) (establishing "reasonable expectations" test and adopting comment *i* to § 402A of the Restatement (Second) of Torts); *Ex Parte Chevron Chem. Co.*, 720 So.2d 922, 927 (Ala. 1998) ('it is clear drafters of Restatement intended § 402A's concept of an 'unreasonably dangerous' product does not include 'a product the dangers of which the consumer could be expected to be aware of, an awareness that may be enlightened by a warning.'"). "Although, under Alabama law, a jury ordinarily evaluates a plaintiff's claims that a product is defective, our review of the pertinent case law convinces us that certain products whose inherent danger is patent and obvious, do

not, as a matter of law, involve defects of a sort that a jury should resolve." *Elliott v. Brunswick Corp.*, 903 F.2d 1505, 1507 (11th Cir.1990).

The question whether cigarettes are unreasonably dangerous as a matter of Alabama law has been certified to the Alabama Supreme Court by this Court in *Spain v. Brown & Williamson Tobacco Corp.*, 230 F.3d 1300 (11th Cir. 2000). Plaintiff also included counts in negligence and wantonness and civil conspiracy against the retail defendants. As the defendant did in this case, the defendant in *Spain* also asserted the claims were barred by the statute of limitations. The court in *Spain* invited the Alabama Supreme Court to clarify the law regarding these claims as well. *See Spain*, 230 F.3d at 1312.

Plaintiffs in *Spain* brought suit only against the *manufacturers*. Thus, even assuming the state supreme court determined there was a cause of action under any of these theories and that the statute of limitations was not a bar to the action, that decision would leave unanswered the issue whether a cause of action existed against the *retailers*, the controlling question in this case. We have found no Alabama case, nor have the parties referred us to any decided under the AEMLD involving cigarettes. The Alabama cases cited by the parties involve different products. *See Atkins v. American Motors Corp.*, 335 So.2d 134 (Ala. 1976) (automobile product liability case); *Allen v. Delchamps, Inc.*, 624 So.2d 1065 (Ala. 1993) (celery hearts).

8

Two published federal district court opinions have looked at the specific question before us with differing conclusions. In *Clay v. Brown & Williamson*, 77 F.Supp. 2d 1220 (M.D. Ala. 1999), the court granted plaintiff's remand motion, determining that the affidavit from a licensed pharmacist and former employee of a cigarette distributor not a defendant in the case regarding the superior knowledge of retailers was sufficient to give plaintiff a viable AEMLD claim against retail defendants. *Clay*, at 1225. The court in *Wakeland v. Brown & Williamson*, 996 F.Supp. 1213 (S.D. Ala. 1998), reached a contrary result, denying plaintiff's motion to remand where the case involved non-diverse distributor defendants. The court determined that the distributor defendants were fraudulently joined because there was "'no possibility' that the plaintiff could establish any cause of action against them." *Wakeland,* 996 F.Supp. at 1217(citation omitted). The court concluded that defendants involved only in distributing and selling cigarettes are entitled to the defense of lack of causal relation as a matter of law. *See Wakeland*, 996 F.Supp. at 1218.

If the complaint states a cause of action against retailers, there is no federal jurisdiction based on diversity. We would then vacate and remand to the district court with instructions to remand the case to state court. We would not reach the merits of the claim against the manufacturers. If the complaint does not state a cause

of action against the retailers, the plaintiff and the remaining defendants are diverse and jurisdiction properly rests with the Court. We would then review the merits of the appeal against the favorable judgments for the manufacturers, which would be impacted by the Alabama Supreme Court's response to the certified questions in *Spain.*

Accordingly, we respectfully certify the following question to the Alabama Supreme Court pursuant to Alabama Rule of Appellate Procedure 18:

> WHETHER THERE IS ANY POTENTIAL CAUSE OF ACTION UNDER ANY THEORY AGAINST ANY RETAIL DEFENDANTS INCLUDING THOSE THAT EMPLOY PHARMACISTS WHO SELL CIGARETTES FOR CLAIMS BROUGHT UNDER THE ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE, OR PREMISED ON NEGLIGENCE, WANTONNESS, OR CIVIL CONSPIRACY UNDER ALABAMA LAW.

Our phrasing of the question is not intended to restrict the scope or inquiry by the Supreme Court of Alabama. As we have stated recently in *Spain v. Brown & Williamson*, 230 F.3d 1300 (2000):

> [T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts. *Blue Cross & Blue Shield of Alabama*, 116 F.3d at 1414 (quoting *Martinez v. Rodriguez*, 394 F.2d 156, 159 n. 6 (5th

Cir.1968) (citations omitted)).  That means, among other things, that if we have overlooked or mischaracterized any state law issues or inartfully stated any of the questions we have posed, we hope the Alabama Supreme Court will feel free to make the necessary corrections.

*Spain*, 230 F.3d at 1312.

The entire record, including the briefs of the parties, is transmitted herewith.

QUESTION CERTIFIED.