**Kurt and Tavia PENSINGER,
Plaintiffs,**

v.

**STATE FARM FIRE AND CASUALTY
COMPANY, Larry Pittman, Martin
Barnes, et al., Defendants.**

**Civil Action No. 03–M–822–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 11, 2003.

Jere L. Beasley, Wilson Daniel Miles, III, Clinton C. Carter, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Mont-

gomery, AL, L. Shane Seaborn, Penn & Seaborn LLC, Clayton, AL, for Plaintiffs.

Michael Baird Beers, Constance T. Buckalew, Angela Christine Taylor, Beers Anderson Jackson Hughes & Patty, PC, Montgomery, AL, for Defendants.

## ORDER

McPHERSON, United States Magistrate Judge.

The plaintiffs, Kurt and Tavia Pensinger ["the Pensingers"], filed a suit against the defendants in the Circuit Court of Barbour County in July 2003, where they reside. The defendants, State Farm Fire and Casualty Company ["State Farm"], Larry Pittman· ["Pittman"], and Martin Barnes ["Barnes"] [collectively referred to as "the defendants"], filed a Notice of Removal in this court on 5 August 2003 (Doc. # 1). At issue is whether the court may exercise jurisdiction in this case.

The Pensingers assert claims of breach of contract, misrepresentation, and negligence (Doc. # 1, Exhibit A) against the defendants. State Farm is an Illinois corporation actively doing business through agents in the State of Alabama. · (Doc. # 1). Pittman is a resident of Dale County, Alabama (Doc. # 1, p. 1). Barnes is a resident of Houston County, Alabama (Doc. # 1, p. 1).

This case is now before the court on the Pensinger's Motion for Remand and their supporting memorandum, filed on 4 September 2003 (Docs. # 5 and 6). The defendants' Opposition to Plaintiff's Motion to Remand was filed on 6 October 2003 (Doc. # 12). Upon consideration of the pleadings and the record in this case, and for the reasons that follow, the court finds that the Plaintiff's Motion for Remand should be GRANTED.

## I. PROCEDURAL HISTORY AND FACTS

The plaintiff has asserted the following contentions:

1. State Farm, through its agent, Pittman, and claims specialist, Barnes, intentionally, grossly, wantonly, maliciously, and/or oppressively made representations that the subject insurance policy would cover damage to their home and as well, the loss of use of their home. Plaintiffs detrimentally relied on the representations and have lost their home.

2. State Farm breached its contract with plaintiffs by failing to honor the subject policy as promised to the plaintiffs.

3. State Farm, intentionally and in bad faith, through its claims specialist, Barnes, failed to make a full investigation of the plaintiffs' claims.

4. State Farm wantonly hired, trained or supervised its agent, Pittman, and its claims specialist, Barnes.

5. Pittman owed a duty to procure adequate insurance for the plaintiffs and breached that duty. Pittman's negligence is the proximate cause of the plaintiffs' loss of their home.

The defendant has asserted the following contentions:

1. Plaintiffs cannot establish their claim for fraud and suppression, because those claims are barred by the statute of limitations.

2. Barnes and Pittman were fraudulently joined for the sole purpose of defeating federal diversity jurisdiction.

3. Plaintiffs could not have relied to their detriment on any alleged misrepresentations or suppressions of Barnes, because they did not come

into contact with him at the time they purchased their policy.

4. Pittman did not make any misrepresentations to plaintiffs about their policy.

## II. DISCUSSION

### A. Standard of Review

■ The general removal statute, 28 U.S.C. § 1441(a) and (b), permits removal of any case to a district over which the district court has original jurisdiction. Federal courts only have the power to hear cases that they have been authorized to hear by the Constitution and the Congress of the United States. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Accordingly, a lawsuit filed in state court may be removed to federal court based on either diversity or federal question jurisdiction. *See Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1373 (11th Cir.1998).[1]

■ The party seeking removal has the burden of establishing federal jurisdiction. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996). However, because the removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand.[2] *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994). While the court must take care not to deprive a defendant of his right to a federal forum if that right exists, the court must also be mindful of two other critical concerns: (1) The court's need to control its caseload, and (2) The principle that the plaintiff is master of his complaint. *Id.*

A defendant seeking to remove a case on diversity grounds must show complete diversity between plaintiffs and defendants and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.[3] *See Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998). The Court of Appeals has explained that:

> Very early in the judicial history of this country, the Supreme Court established the rule of complete diversity of citizenship in *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). This rule requires that all plaintiffs and all defendants must be of different citizen-

---

1. Federal question jurisdiction exists if the plaintiff's suit arises under "the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

2. Because removal is only permissible if the plaintiff's claims could have been filed in federal court originally, in deciding a motion to remand, the court must look to these claims to determine whether removal was appropriate. *Burns,* 31 F.3d at 1095. A defendant may submit affidavits, depositions, or other evidence to support removal. *See Lott v. Metropolitan Life Ins. Co.,* 849 F.Supp. 1451, 1452 (M.D.Ala.1993).

3. The relevant portions of 28 U.S.C. § 1332 provide:

 § 1332. Diversity of citizenship; amount in controversy; costs
 (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
 (1) citizens of different States;
 (2) citizens of a State and citizens or subjects of a foreign state;
 (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
 (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

 * * *

 (c) For the purposes of this section and section 1441 of this title—
 (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . .

ships and has been extended to suits brought by aliens. *Ed and Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.*, 506 F.2d 757 (5th Cir.1975). [FN2] Thus the presence of at least one alien on both sides of an action destroys diversity. *Id.; see also State Establishment for Agricultural Prod. Trading v. M/V Wesermunde*, 770 F.2d 987 (11th Cir.1985).

*Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1557 (11th Cir.1989)[footnote omitted]. One of the defendants, State Farm, is incorporated in and has its principal place of business in a state other than Alabama (Doc. # 1, p. 1). The other defendants, however, Pittman and Barnes, are citizens of Alabama just like the Pensingers. Their Alabama citizenship thus defeats complete diversity in this case (Doc. # 1, ¶ 6; Compl., ¶ 1).

## B. Fraudulent Joinder

■ To circumvent the obvious analysis arising from Pittman's and Barnes' citizenship, State Farm contends that the Pensingers have fraudulently joined Pittman and Barnes as defendants for the purpose of defeating diversity jurisdiction (Doc. # 12, p. 8). Under the judicially created doctrine of fraudulent joinder, an action which ostensibly includes a non-diverse defendant can be removed to the district court if the joinder of the non-diverse party—in this case Pittman and Barnes—was fraudulent. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d at 1287. The Court of Appeals has identified three situations in which the doctrine of fraudulent joinder is applicable:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v.*

*Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker*, 709 F.2d at 1440. In *Tapscott*, 77 F.3d at 1355 (11th Cir.1996), a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* at 1360.

*Triggs*, 154 F.3d at 1287 (citations omitted). In *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir.1998), the Court of Appeals elaborated on the removing party's burden to demonstrate that a defendant was fraudulently joined:

> The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court. *See id.* [sic]; *Cabalceta*, 883 F.2d at 1562. The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. *Id.* In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor. *Id.*

(citations omitted).

In their complaint, the plaintiffs contend that Pittman negligently and wantonly misrepresented and suppressed information about the policy that led them to believe that it would cover damage to their home and loss of use of the home, minus

the deductible. The plaintiffs further contend that Barnes was negligent in his investigation of their claim and concealed material facts. The plaintiffs contend that they relied on these representations and that they would not have secured and paid for the policy if these material facts had not been suppressed.

State Farm contends that the plaintiffs cannot establish a colorable claim against Pittman and Barnes because they cannot establish that they reasonably relied on Pittman's representations and because some of their claims are time-barred (Doc. # 12, pp. 1 and 8). State Farm contends that the language in the policy contradicts the alleged representations made by Ray (Doc. # 12, p. 8). In other words, State Farm contends that because the plain language of the policy is inconsistent with Pittman's alleged misrepresentations, the plaintiffs cannot demonstrate reasonable

reliance as a matter of law. The Court of Appeals has explained that:

> In a fraudulent joinder inquiry, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538.

*Pacheco de Perez v. AT & T Co.*, 139 F.3d at 1380–81(citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997)).

■ Ordinarily, whether reliance is reasonable is a question of fact for the jury. *Foremost Ins. Co. v. Parham*, 693 So.2d 409, 421 (Ala.1997). Whether reliance is reasonable requires a determination under all the facts and "all of the circumstances surrounding a transaction, including the mental capacity, educational background, relative sophistication, and bargaining power of the parties" *Id.* In reviewing the plaintiffs' allegations,[4] the court finds that

---

**4.** The court notes that the plaintiffs have not yet had a full opportunity to engage in discovery to prove their claims against Pittman and Barnes. Moreover, they should not be unjustly cut off at this early stage from pursuit of possibly valid claims. The question then is how should the court assess factual allegations for fraudulent joinder when there has not been a full opportunity for discovery. "The court need not look far for an appropriate threshold standard. A party submitting a pleading must meet, at least, the requirements of Rule 11 of the Federal Rules of Civil Procedure" *Sellers v. Foremost Insurance Company*, 924 F.Supp. 1116, 1118 (M.D.Ala.1996). In *Wright v. Metropolitan Life Ins. Co.*, 74 F.Supp.2d 1150, 1153 (M.D.Ala.1999), Judge Thompson of the Middle District of Alabama has explained that:

> With regard to factual allegations, Rule 11(b) provides, in part, that, "By presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after

a reasonable opportunity for further investigation or discovery." Thus, Rule 11 recognizes, as the 1993 Advisory Committee Notes state, that "a litigant may have good reason to believe that a fact is true or false but may need discovery, formal or informal, from opposing parties or third persons to gather and confirm the evidentiary basis for the allegation." Nonetheless, as the Committee Notes further state, "Tolerance of factual contentions ... when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to join parties [or] make claims ... without any factual basis or justification." Thus, Rule 11 requires that a litigant be able to provide some showing that "the allegations and other factual contentions have evidentiary support or ... are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

> [8] With regard to legal contentions, Rule 11(b) provides, in part, that, "By presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the

the plaintiffs' claim of reasonable reliance on Pittman and Barnes' representations are arguable under state law, and thus, the plaintiffs present colorable claims against Pittman and Barnes.[5] Accordingly, the court finds that State Farm has not met its burden of proving that the plaintiffs fraudulently joined Pittman and Barnes as defendants.

### 2. *Amount in controversy*

■ In addition to failing to prove that the plaintiffs fraudulently joined Pittman and Barnes, the defendants have not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. As a matter of law, a defendant seeking to remove a case on diversity grounds, must show that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). See *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Triggs v. John Crump Toyota, Inc., et al.,* 154 F.3d 1284, 1287 (11th Cir. 1998). In determining the existence of diversity jurisdiction, the court looks to the face of the well-pleaded complaint. See *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). That the Pensingers have set forth a well-pleaded complaint is not disputed by the defendants.

The court lacks jurisdiction in this case, because the defendants have failed to establish that the amount in controversy exceeds $75,000 as required by the statute. 28 U.S.C. § 1332(a). The plaintiffs filed their complaint in the Circuit Court of Barbour County, Alabama (Doc. # 1, Exhibit A), which, pursuant to Alabama law, has jurisdiction over all civil actions in which the matter in controversy exceeds ten thousand dollars. Ala.Code § 12–11–30.[6] Although the Pensingers alleged in their complaint that they are seeking more than $10,000, they failed to specify an amount of damages (Doc. # 1, Exhibit A). Accordingly, the court construes the plaintiffs' complaint as requesting an "unspecified" amount of damages.

■ In such cases, this Circuit has held that the removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement. *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945 (11th Cir.2000)(citing *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356–57 (11th Cir.1996) (stating that where damages are unspecified, the preponderance of the evidence standard applies), *overruled on oth-*

person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Therefore, to block a fraudulent-joinder charge based on lack of legal support, a plaintiff need only show that her claim against a resident defendant is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

5. Because the court finds that the plaintiffs present colorable claims against Pittman and

Barnes on the misrepresentation and suppression counts, the court declines to discuss State Farm's arguments that the counts of fraud are barred by the statute of limitations.

6. Ala.Code § 12–11–30 provides that:

§ 12–11–30. Generally.
(1) CIVIL.—The circuit court shall have exclusive original jurisdiction of all civil actions in which the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs, and shall exercise original jurisdiction concurrent with the district court in all civil actions in which the matter in controversy exceeds three thousand dollars ($3,000), exclusive of interest and costs.

*er grounds by Cohen v. Office Depot,* 204 F.3d 1069 (11th Cir.2000)).

In support their contention, the defendants make the following argument:

> [R]emoval is proper in that there is a sufficient basis that the jurisdictional amount in controversy could possibly be met. In their Complaint, Plaintiffs seek an undetermined amount in damages, however at paragraph 8 of the Complaint Plaintiffs aver their home was "heavily damaged" by a water leak in and subsequently allegedly suffered "heavy water damage."

(Doc. # 1, p. 3, para. 8).

 According to the defendants, "it is clear that Plaintiffs are seeking benefits under their policy of insurance which contains [a] policy limit[ ] of $79,220" (Doc. # 1, p. 3, para. 8). There is no specific evidence, however, upon which the court can conclude that the plaintiffs' damage actually exceeds $75,000. For example, the defendants have presented no evidence of the cost for repair to the roof, the estimated value of internal damage incurred as a result of the leaks, and the overall value of the home.

The court cannot infer from the plaintiffs' allegation that their home was "heavily damaged" that the cost to repair it will exceed $75,000. Nor is there an evidentiary or other logical basis for inferring that the policy limits are conclusive of the amount of damage. Thus, the defendants' conclusion that the jurisdictional threshold is met is unsupported by their submission or the present record in this case. Conjecture that "an amount in controversy could possibly be met" is not the equivalent of demonstrating by a preponderance of the evidence that it will be met. The plaintiffs are still the masters of their complaint, and the court will not substitute its judgment regarding the amount of damages that they have incurred. Accordingly, the defendants have not met their burden of proving that the amount in controversy exceeds the jurisdictional amount.

## III. CONCLUSION

The court has not discussed the defendant's assertion that some or all of the plaintiffs' claims may be time-barred. Lacking the authority to exercise diversity jurisdiction, the court declines to determine the validity of a defense that would clearly require presentation of more evidence than is presently in the record. As aforestated, the removal statutes are strictly construed against removal, and all doubts about removal must be resolved in favor of remand. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994).

Accordingly, it is ORDERED that the Plaintiff's Motion for Remand is GRANTED. It is further ORDERED that the Plaintiff's request for attorneys' fees is DENIED.