United States Court of Appeals,

Eleventh Circuit.

No. 97-6584.

David L. TRIGGS, Plaintiff-Appellant,

v.

JOHN CRUMP TOYOTA, INC.; World Omni Financial Corporation, a.k.a. World Omni Financial Corporation, Defendants-Appellees.

Sept. 16, 1998.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV-96-B-1723-J), Sharon Lovelace Blackburn, Judge.

Before ANDERSON and BIRCH, Circuit Judges, and PAINE[*], Senior District Judge.

ANDERSON, Circuit Judge:

This appeal presents an interesting question relating to diversity of citizenship jurisdiction and fraudulent joinder in the context of a class action. Adopting a novel approach, the district court found fraudulent joinder and diversity of citizenship. The district court retained jurisdiction. We reverse.

I. Facts and Procedural History

Plaintiff-appellant Triggs is an Alabama resident. He filed a class action fraud suit in Alabama state court against World Omni Financial Corp ("Omni"), a Florida corporation, and John Crump Toyota ("Crump"), an Alabama corporation. Plaintiff alleges that Crump and other dealerships sold cars in Alabama to Omni at inflated prices pursuant to a scheme whereby Omni then leased the cars to the plaintiff class and passed the excess cost on to them. Plaintiff alleges that

[*]Honorable James C. Paine, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

Omni and Crump and the other dealers implemented this fraudulent scheme through misrepresentations and suppressions of material fact. The named plaintiff, Triggs, dealt with Omni through Crump.

Defendants-appellees filed a Notice of Removal, alleging diversity jurisdiction. The case was removed to the Northern District of Alabama. Plaintiff filed a Motion to Remand. The district court found that the putative class which Triggs seeks to represent includes over 17,000 people, all of whom had dealt with Omni, but that only 371(2%) of them had dealt through Crump. The court held that Crump had been fraudulently joined. Because there was complete diversity between Triggs and Omni, the only remaining parties if Crump is disregarded, the motion to remand was denied. The district court then asserted supplemental jurisdiction over the 371 plaintiffs who had dealt with Omni through Crump.

The district court entered its order finding that Crump had been fraudulently joined and denying the motion for remand, and later certified the order for immediate appeal pursuant to 28 U.S.C. § 1292(b). This court granted the petition for permission to appeal.

## II. Issue

The issue presented by this appeal is: has defendant Crump been fraudulently joined merely because 98% of the members of the putative plaintiff class would have no claim against Crump, notwithstanding the fact that the named plaintiff has a potential claim to impose joint and several liability on defendants Crump and Omni?

## III. Standard of Review

Subject matter jurisdiction is a question of law subject to *de novo* review. *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356 (11th Cir.1996).

2

## IV. Discussion

A civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a).[1] Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $50,000[2] and the action is between the citizens of different states. 28 U.S.C. § 1332.[3] Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1355 (11th Cir.1996).

The named plaintiff, Triggs, is a citizen of Alabama. Defendant Omni is a citizen of Florida. Defendant Crump is a citizen of Alabama. Accordingly, on the face of the pleadings, there is a lack of complete diversity which would preclude removal of the case to federal court.

However, an action may nevertheless be removable if the joinder of the non-diverse party, defendant Crump, were fraudulent. *Tapscott,* 77 F.3d at 1359.[4] Fraudulent joinder is a judicially

---

[1]"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

[2]As of January 17, 1997, the jurisdictional amount increased to $75,000. See Federal Courts Improvement Act of 1996, P.L. No. 104-317, § 205, 110 Stat. 3847, 3850 (codified as amended at 28 U.S.C. § 1332). Because the present action was filed prior to this effective date, the amount in controversy requirement for this case is $50,000.

[3]"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States."

28 U.S.C. § 1332.

[4]In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction. *Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1373 (11th Cir.1998).

created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533 (11th Cir.1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker,* 709 F.2d at 1440. In *Tapscott,* 77 F.3d at 1355 (11th Cir.1996), a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* at 1360. In the instant case, the parties do not suggest that there has been "outright fraud in the plaintiff's pleading of jurisdictional facts," so we concern ourselves only with the first and third types of fraudulent joinder. Turning to the first type, "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker,* 709 F.2d at 1440-41 (emphasis added). The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate. In the instant case, Triggs has asserted facts which clearly state a potential cause of action against Crump in state court. He has alleged that Crump and Omni, working in concert, defrauded him by misrepresenting and suppressing material facts with regard to automobile lease transactions. Therefore, Triggs's complaint states a potential cause of action against Crump in state court. With regard to Triggs, Crump is not fraudulently joined.

4

Indeed, the joinder of Crump fits comfortably within the rule for permissive joinder of parties as provided in Rule 20 of the Federal Rules of Civil Procedure. With respect to the joinder of defendants, Rule 20 provides:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20. In this case, the named plaintiff (and incidentally 2% of the putative class in addition) is asserting a claim for relief against Omni and Crump jointly and severally arising out of the same transaction, and giving rise to common questions of law and fact. Of course, in this case, the joinder of the members of the putative plaintiff class is pursuant to Rule 23 of the Federal Rules of Civil Procedure. We note also, however, that the permissive joinder standards of Rule 20 are satisfied. With respect to joinder of plaintiffs, Rule 20 provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Fed.R.Civ.P. 20. In the instant case, the members of the putative plaintiff class assert such rights against Omni, Crump and the other unnamed dealers arising out of the series of automobile lease transactions allegedly orchestrated by Omni, which give rise to common questions of law and fact. Of particular importance for this case, Rule 20 specifically provides that "[a] plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities." Fed.R.Civ.P. 20. In other words, the fact that a great many of the members of the putative plaintiff class can seek no relief against one

of the defendants, Crump, would be no obstacle to the permissive joinder of Crump under Rule 20. Accordingly, we readily conclude that the joinder of defendant Crump satisfies the standards of Rule 20.

The contention of defendants in this case focuses upon the claims of the members of the putative plaintiff class, rather than upon the named plaintiff. Defendants argue that Crump must be deemed to have been fraudulently joined merely because 98% of the members of the putative plaintiff class would have no claim against Crump. This focus is inconsistent with the well-settled rule for class actions that a court should consider only the citizenship of the named parties to determine whether there is diversity jurisdiction. *Supreme Tribe of Ben-Hur v. Cauble,* 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1921). *Accord Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 1059, 22 L.Ed.2d 319 (1969) (dictum) ("Under current doctrine, if one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant and have nothing to fear from trying the lawsuit in the courts of their own State," citing *Ben-Hur* ); *In re School Asbestos Litigation,* 921 F.2d 1310, 1317 (3d Cir.1990); *In re Agent Orange Prod. Liability Litigation,* 818 F.2d 145, 162 (2d Cir.1987); *Kerney v. Fort Griffin Fandangle Ass'n, Inc.,* 624 F.2d 717, 720 (5th Cir.1980) ("Given that the amended complaint properly brought a class suit, it alleged citizenship sufficient to establish diversity by alleging that the named defendants were citizens of Texas, for a class is considered to be diverse from the opposing party if the named parties are diverse," citing *Ben-Hur* );[5] 7A Charles Alan Wright, Arthur

---

[5]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

6

R. Miller, & Mary Kay Kane § 1755 p. 63-64 ("Rule 23 would be completely unworkable in the diversity context and its value significantly compromised if the citizenship of all the class members, many of whom may be unknown, had to be considered in establishing jurisdiction."). Pursuant to this well-settled rule, we look to the citizenship of the named plaintiff, Triggs, and conclude that there is not complete diversity, because, although Triggs is diverse with respect to defendant Omni, he is not diverse with respect to the properly-joined defendant, Crump.[6]

Contrary to the well-settled rule that the citizenship of the named parties is controlling, defendants invite this court to look beyond the named plaintiff and bifurcate the plaintiff class solely on the basis of whether or not the members of the class have a potential claim against all defendants. Finding no persuasive precedent for this position, we reject defendants' invitation. There is precedent for bifurcating a class or severing claims where the claims are separable and have no logical connection. In *Tapscott v. M.S. Dealer Service Corp.,* 77 F.3d 1353 (11th Cir.1996), this

---

[6]Amicus calls our attention to *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). There, the Court held in the context of a class action that the amount in controversy for purposes of the then $10,000 requirement of 28 U.S.C. § 1332(a) could not be satisfied by aggregating the value of the claims of the members of the plaintiff class. Although the named plaintiff did meet the $10,000 jurisdictional requirement, the Court held that any member of the putative class not meeting the jurisdictional amount would have to be dismissed. In so holding, the Court relied on its long-standing precedent interpreting the statutory phrase "matter in controversy," and the fact that "Congress, with complete understanding of how the courts had construed the statute, had not changed the governing language." *Id.* 414 U.S. 298-300, 94 S.Ct. at 511. Unlike the *Zahn* case, which addressed the issue involving the interpretation of the statutory phrase "matter in controversy," the instant case presents the different issue of the interpretation of the statutory language relating to diversity of citizenship and the meaning of the concept of complete diversity. The precedent controlling the issue before us, also precedent of long-standing stature, provides that courts should consider only the citizenship of the named parties in determining whether or not there is complete diversity. In evaluating the complete diversity issue in this case, we thus conclude that *Zahn* in inapposite. *See Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 1059, 22 L.Ed.2d 319 (1969) (recognizing this distinction between the analysis of diversity of citizenship and the analysis for the amount in controversy).

court addressed a fraudulent joinder issue in the context of a removed class action. The case as filed in state court involved what the *Tapscott* opinion referred to as two classes. The first class consisted of named plaintiffs, citizens of Alabama, who had claims against certain defendants, also citizens of Alabama, arising out of the sale of service contracts on automobiles sold and financed in Alabama. The second class consisted of different named plaintiffs, citizens of Alabama, who had claims against a different defendant, Lowe's, a North Carolina citizen, arising out of the sale of extended service contracts in connection with the sale of retail products. The court referred to the two classes as the automobile class and the merchant class. Lowe's sought to remove the case to federal court, arguing that the claims against it should be severed from the claims against the defendants in the automobile class. The district court agreed and severed the two classes. The court remanded to state court the claims involving the automobile class as to which there was no diversity, but retained the claims against the merchant class, with respect to which there was complete diversity. This court affirmed. We concluded that there was a fraudulent misjoinder because Lowe's was improperly joined with the non-diverse defendants in the automobile class (there being no allegation of joint liability), because there was "no real connection" between the two controversies, *id.* at 1360, and because the misjoinder was "so egregious as to constitute fraudulent joinder." *Id.*

*Tapscott* is readily distinguishable from the case at bar. Unlike *Tapscott,* the instant case does not involve two distinct classes that have "no real connection" to each other. To the contrary, there is only one class in the instant case and one named plaintiff, Triggs. Triggs and all the members of the putative class have claims for relief which would impose joint liability upon Omni and the particular dealership involved. Among the dealerships involved was the named defendant, Crump, the dealership through whom the named plaintiff, Triggs, dealt with Omni. Focusing on the

8

only named plaintiff there is clearly no reason to bifurcate the class. Even if we should, as defendants suggest, compare the claims of Triggs and those members of the putative class who dealt with Omni through the Crump dealership, to the claims of other members of the putative class who dealt with Omni through other automobile dealerships, we would find that those other claims arise out of a series of transactions precisely like the Triggs-Omni transaction and give rise to common questions of law and fact. Thus, unlike *Tapscott,* there is a real connection between the claims of the named plaintiff and the claims which defendants seek to bifurcate and sever (i.e., the claims of the 98% of the putative class). Unlike the situation in *Tapscott,* the parties in the instant case have been properly joined, in full compliance with the standards set out in Rule 20. We conclude that *Tapscott* provides no support for defendants' desire to bifurcate the instant plaintiff class.

Nor do we find other persuasive support for bifurcating the instant plaintiff class. It is true that a few district courts in Alabama, in unpublished opinions, have accepted such an invitation to bifurcate a plaintiff class merely because many members of the putative class do not have claims against one of the named defendants. *See, e.g., Arnold v. Ford Motor Co.,* Civ. Action No. CV-95-PT-0073-M (N.D.Ala. May 2, 1995) (unpublished decision). Arnold, an Alabama citizen purporting to represent a class of purchasers of Ford pickup trucks in Alabama, sued a diverse defendant, Ford Motor Company, and a nondiverse defendant, Pollack Ford Company. Pollack apparently was one of the numerous Ford dealerships through whom the Alabama class dealt with Ford. Although the facts of the case are not entirely clear from the opinion, we will assume *arguendo* that the relevant facts are virtually indistinguishable from the instant facts. The court concluded that the joinder of Pollack was fraudulent merely because most members of the putative class dealt with Ford through dealerships other than Pollack, and thus had no claim against Pollack. Disregarding Pollack, the

9

court concluded there was complete diversity. We find this precedent unpersuasive for the several reasons. Defendants' reliance upon *Tapscott* to support this precedent is without merit for the reasons noted above.[7] Also, there is nothing to support this precedent in the standards for permissive joinder as provided in Rule 20. To the contrary, the express language of Rule 20 indicates that all plaintiffs need not seek relief against all defendants. Finally, *Arnold* and its progeny are inconsistent with the well established rule that, in a class action context, courts should look to named parties in evaluating the complete diversity requirement. For the foregoing reasons, we reject defendants' invitation to bifurcate the instant plaintiff class.

Finally, defendants contend that plaintiff's "bad faith" is enough to warrant a finding that Crump was fraudulently joined. Defendants assert that plaintiff joined defendant Crump solely for the purpose of defeating diversity jurisdiction, and they argue that this constitutes a fraudulent joinder. Defendants apparently infer this "bad faith" purpose from the fact that plaintiff joined as a named defendant only one of the numerous automobile dealerships through whom the members of the putative class dealt with Omni. Defendants apparently suggest that if the plaintiff class really wanted to pursue a judgment against the dealerships, as well as against Omni, they would have joined more than just one dealership.[8] We reject defendants' argument; it is inconsistent with

---

[7]A number of well-reasoned district court decisions have also rejected the result of *Arnold* and its progeny. *See, e.g., Atchison v. Woodmen of the World Ins. Society,* 982 F.Supp. 835 (S.D.Ala.1997).

[8]We note that the district court did not suggest that the joinder of Crump was fraudulent because of plaintiff's "bad faith." To the contrary, the district court acknowledged that "[i]f the court considers only the named plaintiff, then Crump was not fraudulently joined." District Court Order at 7. Defendants' "bad faith" argument is inconsistent with precedent, *see infra,* and the argument also lacks logical force as a factual matter. There are other potential reasons that plaintiff might not have joined the other dealerships. At this early stage in the proceedings, it is not surprising that the dealership uppermost in plaintiff's mind was the dealer through whom the

10

binding precedent. Supreme Court precedent is clear that a plaintiff's motivation for joining a defendant is not important as long as the plaintiff has the intent to pursue a judgment against the defendant. In *Chicago, Rock Island & Pacific Ry. Co. v. Schwyhart,* 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473 (1913), the plaintiff filed an action for personal injuries against the railway company and its servant, Barrett, whose immediate negligence allegedly caused the injury. Plaintiff and defendant Barrett were citizens of Missouri, but the railway company was diverse. The railway company sought to remove the case to federal court, arguing, *inter alia,* that Barrett was joined for the sole and fraudulent purpose of preventing a removal, being a person of little or no property while the company was fully able to pay. Rejecting that argument, the Court held: "[o]n the question of removal, we have not to consider more than whether there was a real intention to get a joint judgment, and whether there was a colorable ground for it ... as the record stood when the removal was denied." *Id.* 227 U.S. at 194, 33 S.Ct. at 251. The Court also said:

> Again, the motive of the plaintiff, taken by itself, does not affect the right to remove. If there is a joint liability, he has an absolute right to enforce it, whatever the reason that makes him with to assert the right.... Hence, the fact that the company is rich and Barrett poor does not affect the case.

*Id.* 227 U.S. at 193, 33 S.Ct. at 251. *Accord Chicago, Rock Island & Pacific Ry. Co. v. Whiteaker,* 239 U.S. 421, 36 S.Ct. 152, 60 L.Ed. 360 (1915) ("to apply the epithet "fraudulent' to the joinder will not suffice: the showing must be such as compels the conclusion that the joinder is without right"); *Parks v. New York Times Co.,* 308 F.2d 474 (5th Cir.1962). In the instant case, nothing suggests an

named plaintiff dealt with Omni. Plaintiff may need discovery in order to obtain pertinent information about other dealerships. Moreover, most of the other dealerships are probably also citizens of Alabama, since the plaintiff class is composed of persons who leased automobiles in Alabama. Defendants apparently fault plaintiff for not joining more of the potential Alabama defendants, an action that hardly suggests a fraudulent intent to avoid diversity jurisdiction.

absence of a "real intention to get a joint judgment" against defendant Crump. Pursuant to the foregoing precedent, we reject defendants' "bad faith" argument.

For the foregoing reasons, we hold that Crump is not fraudulently joined. Because there is not complete diversity among the parties, the federal courts do not have subject matter jurisdiction to hear this case.[9]

## V. Conclusion

We reverse the district court's judgment and remand with directions that the district court remand this case to the Alabama state court.

REVERSED AND REMANDED.

---

[9]Defendants make additional arguments which we readily find to be without merit. First, defendants argue that the instant case involves a defect in removal procedure and that therefore the motion to remand was untimely under 28 U.S.C. § 1447(c). We reject this argument. It is clear that plaintiff's motion to remand was based on the assertion that the district court was without subject matter jurisdiction, an assertion with which we agree for the reasons spelled out in the text. Because there is no time limit for motions to remand that challenge subject matter jurisdiction, plaintiff's motion was timely filed.

Defendants also argue that plaintiff did not perfect his interlocutory appeal to this Court. Plaintiff failed to file a petition for appeal with the Eleventh Circuit within ten days of the district court's initial order certifying this case for interlocutory appeal. However, the district court reconsidered and re-entered its order, a procedure which was recognized in *Aparicio v. Swan Lake,* 643 F.2d 1109, 1112 (5th Cir., Apr.27, 1981). Plaintiff subsequently perfected his appeal in a timely manner. Consequently, we reject defendants' procedural arguments.