**FABIANO SHOE COMPANY,
INC., Plaintiff,**

v.

**BLACK DIAMOND EQUIPMENT, LTD., Peter Metcalf, Calzaturificio S.C.A.R.P.A. s.p.a., Francesco Parisotto, Luigi Parisotto, Antonio Parisotto, Sandro Parisotto, Davide Parisotto, John Does 1 through 5, Defendants.**

No. Civ.A. 98–12426–EFH.

United States District Court,
D. Massachusetts.

March 9, 1999.

Mark C. O'Connor, Rich, May, Bilodeau & Flaherty, Boston, MA, for Fabiano Shoe Co., Inc., plaintiff.

David R. Kerrigan, Mahoney, Hawkes & Goldings, Heritage On the Garden, Boston, MA, Howard Vickery, Cameron & Hornbostel, New York City, for Black Diamond Equipment, Ltd., defendants.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

Plaintiff Fabiano Shoe Company, Inc., brought this lawsuit in state court against Defendant S.C.A.R.P.A., Defendant Black Diamond Equipment, Ltd. ("Black Diamond"), and several corporate officers of each. The defendants subsequently removed the case to federal court and the matter is currently before the Court on Plaintiff's Motion to Remand.

The plaintiff argues in its Motion to Remand that the Court does not have subject matter jurisdiction over the case because complete diversity of citizenship is lacking—the plaintiff and Defendant Black Diamond are both Delaware corporations. The defendants counter by arguing that Defendant Black Diamond's citizenship should not be considered in the diversity analysis because Black Diamond was fraudulently joined.

Joinder is considered fraudulent when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995); *Coughlin v. Nationwide Mutual Ins. Co.*, 776 F.Supp. 626, 628 (D.Mass. 1991). The burden of establishing that joinder is fraudulent is on the party seeking removal to federal court, and the burden is a heavy one. *See Coughlin*, 776

F.Supp. at 628. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate. *See Triggs,* 154 F.3d at 1287; *Burden,* 60 F.3d at 216. Moreover, in determining whether the plaintiff has the possibility of stating a valid cause of action, the court is to resolve all disputed questions of fact, and any ambiguities in the controlling state law, in favor of the non-removing party. *See Burden,* 60 F.3d at 216.

■ In this case, the defendants have not met their burden of establishing that there is no possibility of recovery by the plaintiff under the facts alleged in the Complaint. The plaintiff alleges in its Complaint that it had a contract with Defendant S.C.A.R.P.A., an Italian company which manufactures mountaineering footware, under which the plaintiff was to be the exclusive distributor of S.C.A.R.P.A. products. Plaintiff further alleges that Defendant Black Diamond has in the past distributed, and continues to distributed, certain S.C.A.R.P.A. products and that this distribution constitutes both a breach of contract by Defendant S.C.A.R.P.A. and the intentional interference with contractual relations by Defendant Black Diamond. The Court holds that these allegations are sufficient to state a reasonably arguable claim under Count I against Black Diamond, the non-diverse defendant, for intentional interference with contractual relations.[1]

The defendants' arguments, as to Count I, are that:

(1) Count I is time-barred because any cause of action for alleged interference by Black Diamond with the plaintiff's "exclusive distributorship" contract with S.C.A.R.P.A. would have accrued in 1989, when Black Diamond allegedly entered into a joint venture with S.C.A.R.P.A. to distribute its products, and that therefore the three-year limitations period as to those claims has run;

(2) Even if Count I is not time-barred, it fails to state a claim under which the plaintiff may recover because any alleged interference with the plaintiff's contract with S.C.A.R.P.A. was not done with improper motive or means, a requirement under Massachusetts law.

With respect to the defendants' statute of limitations argument, the Court agrees that the plaintiff cannot likely salvage, via the "continuing tort" doctrine, those of its claims relating to incidents of alleged interference on which the three-year limitations period has run. *See In re J.F.D. Enterprises, Inc.,* 223 B.R. 610, 619 n. 14 (Bankr.D.Mass.1998) (noting that the First Circuit has only applied the "continuing tort" doctrine in the context of employment discrimination cases and 42 U.S.C. § 1983 actions). The Court does not agree, however, that the plaintiff forfeits its rights to recover for incidents of interference *within* the limitations period by failing to sue on any earlier incidents in a timely manner. *See* Mass.Gen.L. ch. 260, § 2A ("Except as otherwise provided, actions of tort . . . shall be commenced within three years next after the cause of action accrues."). Since the plaintiff has alleged that the interference by Black Diamond has occurred within three years of filing this lawsuit, and continues to occur, the plaintiff's claims as to these particular incidents accrued when they occurred and are not therefore time-barred.

With respect to the defendants' "failure to state a claim" argument, the Court notes that the plaintiff has alleged that it had a contract with S.C.A.R.P.A. to be its exclusive distributor and that Black Diamond knew or should have known of this "exclusive distributorship" arrangement when it distributed S.C.A.R.P.A. products.

---

1. Because the Court finds an arguably actionable claim under Count I, the Court does not address the merit of the plaintiff's other claims against Black Diamond, based on conversion and Mass.Gen.L. ch. 93A, in Counts II and XI, respectively.

These allegations are sufficient—especially given the Court's obligation in this context to resolve any ambiguities in law in favor of the plaintiff—to establish at least the possibility of an actionable claim for intentional interference with contractual relations, in light of the decision of the Appeals Court of Massachusetts in *Melo–Tone Vending, Inc. v. Sherry, Inc.,* 39 Mass.App.Ct. 315, 319–20, 656 N.E.2d 312 (1995). There, in an action also based on the defendant's knowing interference with an exclusive contractual relationship, the court found plaintiff's claim actionable, stating, "It is one thing to lure a customer away from someone with whom it has been doing business by means of better product, service, or prices but quite another to abet the repudiation of solemn contractual obligations of which the party interfering is well aware." *Id.*

Since the plaintiff has a reasonably arguable claim against Defendant Black Diamond under Count I, the joinder of Black Diamond is not fraudulent and complete diversity does not exist. Accordingly, the Court lacks subject matter jurisdiction over this case and orders that the case be remanded to the Massachusetts Superior Court, Suffolk County. Without subject matter jurisdiction over the case, the Court lacks the authority to rule on Defendants' Motion to Dismiss or to Transfer.

SO ORDERED.