**TOTAL FLEET SOLUTIONS, INC., Hanford Andrew Sutter, Andrew T. Dinda, Plaintiffs,**

v.

**NATIONAL INSURANCE CRIME BUREAU, INC., State Farm Mutual Automobile Insurance Company, William D. Watson, III, Defendants.**

**Case No. 6:09–cv–226–Orl–18KRS.**

United States District Court, M.D. Florida, Orlando Division.

May 6, 2009.

Brett T. Votava, Edward D. Robertson, III, James Patrick Frickleton, Bartimus, Frickleton, Robertson & Gorny, P.C., Leawood, KS, Joseph Brent Smith, Michael Charles Maher, Steven R. Maher, The Maher Law Firm, PA, Winter Park, FL, for Plaintiffs.

D. David Keller, Bunnell, Woulfe, Kirschbaum, Keller & Gregoire, P.A., Ft. Lauderdale, FL, Benjamine Reid, Carlton Fields, PA, Miami, FL, for Defendants.

## ORDER

G. KENDALL SHARP, Senior District Judge.

THIS CAUSE came before the Court on Plaintiffs Total Fleet Solutions, Inc., Hanford Andrew Sutter, and Andrew T. Dinda's ("Plaintiffs") Motion for Remand (Doc. 17, filed Feb. 27, 2009) to which Defendants State Farm Automobile Insurance Company ("State Farm") and William D. Watson, III responded in opposition. (Doc. 28, filed Mar. 26, 2009.) Defendant Nation Insurance Crime Bureau, Inc. ("NICB") has joined and adopted the opposition to the Motion to Remand. (Doc. 27, filed Mar. 26, 2009.) Additionally, Plaintiffs have filed a reply brief in support of their Motion. (Doc. 32, filed April 17, 2009.) Having reviewed the filings of all parties, this Court grants Plaintiffs' Motion.

## BACKGROUND

Plaintiffs originally brought this action in Florida's Ninth Judicial Circuit Court in and for Orange County. Plaintiff Sutter is the president and owner of Total Fleet Solutions, Inc. ("TFS"); Plaintiff Dinda is a former employee. TFS provides services to rental car companies that suffer losses when a rental car is involved in an accident. Typically, TFS would either administer the insurance claims on behalf of

the rental car companies or purchase the claim outright from the companies. Plaintiffs allege that at some point in 2003, NICB began an investigation of TFS and notified Plaintiffs' clients, customers, and competitors that TFS was under investigation. NICB forwarded their findings to the Federal Bureau of Investigation and the Florida Department of Law Enforcement, but neither agency pursued an investigation. Plaintiffs allege that NICB initiated and continued the investigation at the behest of State Farm. NICB contacted Gerald Pugh, a detective with the Florida Department of Financial Services, Division of Insurance Fraud.

Detective Pugh formed a task force to continue the investigation. This task force included employees of NICB and State Farm. Defendant William D. Watson ("Watson") was also a member of the task force. Plaintiffs allege that the task force pursued the investigation in bad faith and presented law enforcement officials with an erroneous, misleading case that did not include the available exculpatory evidence. This investigation has led Plaintiffs to file an eight count complaint, alleging malicious prosecution, tortious interference, defamation, intentional infliction of emotional distress, abuse of process, as well as three counts of conspiracy.

## DISCUSSION

■ A civil case filed in a state court may be removed to federal court by a defendant if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *See Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1359 (11th Cir. 1996). When a defendant removes an action to federal court on diversity grounds, a court must remand the matter back to state court if complete diversity is lacking between the parties or if any of the properly served defendants are citizens of the state in which the suit was filed. *Florence v. Crescent Res., LLC,* 484 F.3d 1293, 1297 (11th Cir.2007). Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts. *Univ. of S. Ala. v. Am. Tobacco,* 168 F.3d 405, 411 (11th Cir.1999).

■ "An action may nevertheless be removable if the joinder of the non-diverse party ... were fraudulent." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998). There are three situations where joinder may be deemed fraudulent: (1) when there is no possibility the plaintiff can prove a cause of action against the non-diverse defendant, (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts, and (3) when a diverse defendant is joined with a non-diverse defendant to whom there is no joint, several, or alternative liability and where the claims against the diverse and non-diverse defendants have no real connection to each other. *Id.* Defendants in the instant case have asserted that Plaintiffs cannot prove a cause of action against Watson, the only non-diverse defendant.

In evaluating this type of fraudulent joinder claim, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the [non-diverse] defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440–41 (11th Cir.1983). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a

valid cause of action in order for the joinder to be legitimate." *Triggs,* 154 F.3d at 1287.

■ Plaintiffs have filed an amended complaint, with eight counts against all Defendants. (Doc. 3, filed Feb. 6, 2009.) This Court must remand the present case if any one of the eight counts presents the possibility of a valid cause of action against Watson, the non-diverse Defendant. In Count V, Plaintiffs assert that Watson committed defamation against all Plaintiffs. To recover for defamation, a plaintiff must show "that the defendant published false and defamatory statements concerning him, without reasonable care as to whether those statements were true or false, which resulted in actual damage to the plaintiff." *American Airlines, Inc. v. Geddes,* 960 So.2d 830, 833 (Fla. 3d DCA, 2007). Plaintiffs identified four statements in support of their defamation claim: (1) That Plaintiffs had been arrested, (2) that Plaintiffs were under federal investigation, (3) that Plaintiffs changed and inflated vehicle damage appraisals, and (4) that Plaintiffs submitted false claim information. (Doc. 3 at ¶ 164.) These statements allegedly were made by all Defendants to TFS' clients and customers. Additionally, Plaintiffs allege that Defendants caused similar statements to be published on the World Wide Web. Plaintiffs claim that these statements caused the value of TFS to be reduced and caused them to lose income. This Court finds that there is a possibility that the state court may find the complaint to state a defamation cause of action against Watson.

Defendants assert that the defamation claim is time-barred by the two-year statute of limitations. (Doc. 28 at 10.) The complaint alleges that defamatory statements were made as recently as December, 2008. (Doc. 3 at ¶ 161.) Furthermore, Defendants argue that the statements are "protected by a qualified privilege covering statements made by private individuals to the police or the state's attorney prior to the institution of criminal charges." (Doc. 28 at 10.) The complaint asserts that the statements in question were made to "TFS clients and customers from 2003 through 2007." (Doc. 3 at ¶ 164.) Defendants also state that Plaintiffs must allege and ultimately prove malice to recover for defamation. (Doc. 28 at 10.) The requirement of malice is only imposed when a defendant is entitled to a qualified privilege. "Determining issues of privilege is a question of balancing 'the right of the individual, on one hand to enjoy [a] reputation unimpaired by defamatory attacks, and, on the other hand, the necessity, in the public interest, of a free and full disclosure of facts.'" *Corporate Fin., Inc. v. Principal Life Ins. Co.,* 461 F.Supp.2d 1274, 1293 (S.D.Fla.2006) (*quoting Fridovich v. Fridovich,* 598 So.2d 65, 68 (Fla.1992)).

Even assuming, for the purpose of this motion, that Defendants are entitled to the qualified privilege, and assuming that Plaintiffs did not plead sufficient allegations of malice, the possibility that the state court may find a defamation cause of action remains. Proof of malice may be established indirectly, "by proving a series of acts which, in their context or in light of the totality of surrounding circumstances, are inconsistent with the premise of a reasonable man pursuing a lawful objective, but rather indicate a plan or course of conduct motivated by spite, ill-will, or other bad motive." *McCurdy v. Collis,* 508 So.2d 380, 382 (Fla. 1st DCA 1987). The possibility remains that the state court could find that Plaintiff sufficiently alleged malice or alleged acts sufficient for an indirect finding of malice.

## CONCLUSION

Based on the foregoing, this Court finds that the instant case was improperly re-

moved to the United States District Court. This matter is hereby **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.