Wanda BECHTELHEIMER and Allen Bechtelheimer, Plaintiffs,

v.

CONTINENTAL AIRLINES, INC., Defendant.

Case No. 8:10–cv–2114–T–33TGW.

United States District Court, M.D. Florida, Tampa Division.

April 1, 2011.

James W. Holliday, II, Theodore Emanuel Karatinos, Holliday, Bornhoff & Karatinos, PA, Lutz, FL, for Plaintiffs.

David J. Walz, Carlton Fields, PA, Tampa, FL, Emmet J. Schwartzman, Carlton Fields, PA, Miami, FL, for Defendant.

## ORDER

VIRGINIA M. HERNANDEZ COVINGTON, District Judge.

This matter comes before the Court pursuant to Plaintiffs Wanda and Allen Bechtelheimer's Motion for Leave to File a First Amended Complaint (Doc. # 17) and Renewed Motion to Remand (Doc. # 18), which were both filed on January 28, 2011. Defendant Continental Airlines filed a Response in Opposition to the Motion to Amend (Doc. # 22) on February 17, 2011. For the reasons that follow, this Court grants both motions.

### I. *Background*

Mrs. Bechtelheimer alleges that she fell as she disembarked from a Continental Airlines flight at the Tampa International Airport on February 18, 2009. (Doc. # 2). The Bechtelheimers filed an action against Continental in State court on July 1, 2010, alleging negligence and loss of consortium. *Id.* On September 22, 2010, Continental removed the action to this Court on the basis of diversity of citizenship. (Doc. # 1).

The Bechtelheimers filed a motion to remand on September 30, 2010, asserting that: (1) the notice of removal was untimely filed; (2) Continental waived its right to remove by engaging in discovery and by filing an answer in State court; and (3) diversity of citizenship would be destroyed because the Bechtelheimers intended to later join Hillsborough County Aviation Authority (HCAA), a non-diverse defendant. (Doc. # 5).

This Court denied the motion to remand on December 13, 2010, 755 F.Supp.2d 1211,

2010 WL 5140829 (M.D.Fla.2010) rejecting both the timeliness and waiver arguments. (Doc. # 14). As to the Bechtelheimers' request to remand based on the possibility that HCAA may later be joined, the Court held that such argument was "premature." *Id.* at 1215. The Court determined that it would be improper to remand on "the mere suggestion that a non-diverse defendant may later be named in this suit." *Id.*

On January 28, 2011, the Bechtelheimers moved to amend the complaint to add HCAA and renewed their request to remand the case to State court. (Doc. # 17, 18).

## II. *Legal Standard*

"A defendant may remove a case filed in [S]tate court to federal court 'if the district courts of the United States have original jurisdiction.'" *Henry v. K–Mart Corp.*, Case No. 8:10–cv–2105–T–33MAP, 2010 WL 5113558, at *3, 2010 U.S. Dist. LEXIS 134499, at *7 (M.D.Fla. Dec. 9, 2010) (quoting 28 U.S.C. § 1441(a)). Original jurisdiction exists if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

■ When a plaintiff moves to amend the complaint to add a non-diverse defendant after a case has been removed to federal court, 28 U.S.C. § 1447(e) controls the analysis, rather than the liberal amendment standard of Rule 15 of the Federal Rules of Civil Procedure. *Henry*, 2010 WL 5113558, at *1, 2010 U.S. Dist. LEXIS 134499, at *4 (citing *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir.1998)). 28 U.S.C. § 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court."

■ When considering a motion to amend to add a non-diverse defendant, the Court weighs several factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. *Henry*, 2010 WL 5113558, at *2, 2010 U.S. Dist. LEXIS 134499, at *4–5 (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987)).

■ Furthermore, a court must consider whether the joinder of the non-diverse party is fraudulent. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998)("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.") The Eleventh Circuit has determined that fraudulent joinder occurs in three situations. *Id.* The first situation occurs "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.* (citation omitted). The second situation involves "outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* (citation omitted). The third situation arises "where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant." *Id.* (citation omitted).

■ However, federal courts must narrowly construe removal statutes and "resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." *Henry*, 2010 WL 5113558, at *3, 2010 U.S. Dist. LEXIS 134499, at *8 (quoting *Total Fleet Solutions, Inc. v. Nat'l Crime Ins.*

*Bureau,* 612 F.Supp.2d 1232, 1234 (M.D.Fla.2009)). Thus, "[t]he burden of establishing fraudulent joinder is a heavy one." *Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1380 (11th Cir.1998).

### III. *Analysis*

▇ Continental asks this Court to deny joinder based upon an evaluation of the factors under 28 U.S.C. § 1447(e). For the reasons that follow, the Court finds that joinder of HCAA, a non-diverse defendant, is appropriate.

### A. *Attempt to Defeat Federal Jurisdiction*

First, Continental contends that the Bechtelheimers' "sole or primary purpose" in seeking joinder of HCAA is to destroy complete diversity and defeat federal jurisdiction. (Doc. # 22 at 2). To support this contention, Continental asserts that the Bechtelheimers were reluctant to stipulate to the amount in controversy. *Id.* at 8–9. In addition, Continental argues that, prior to removal, the Bechtelheimers were prepared to proceed to trial in State court without HCAA. *Id.* at 10.

▇ However, Section 1147(e) "does not require a tribunal to make an inquiry into the Plaintiff's motive in adding a non-diverse defendant." *Hughes v. Promark Lift, Inc.,* 751 F.Supp. 985, 987 (S.D.Fla. 1990) (citation omitted). Furthermore, "[t]he permissive language of § 1447(e) indicates that Congress intended to give the judiciary broad discretion in allowing joinder, even though remand may result." *Id.*

As noted previously, the Bechtelheimers previously moved for remand voicing their intent to add a non-diverse defendant in the future. The Court denied the motion to remand at that time as premature, among other things, because no motion to amend was pending before the Court. The circumstances of this case have changed since the Court's initial denial of the motion to remand, and a motion to amend the complaint is now properly pending before the Court.[1] Thus, this Court is not persuaded that the Bechtelheimers have manipulated the system in an effort to divest this Court of subject matter jurisdiction.

### B. *Dilatory Motive*

Under the second factor, Continental asserts that the Bechtelheimers were dilatory in asking for the amendment to join HCAA. (Doc. # 22 at 11). Continental points to the sixteen months that lapsed between the time of the accident and the date the Bechtelheimers served notice on HCAA. *Id.* at 11. The Bechtelheimers, on the other hand, assert that they only found out that HCAA owned the loading bridge through discovery and that they served notice on HCAA, and moved to join HCAA, as soon as was possible due to the six-month grace period required under Florida Statute § 768.28(6). (Doc. # 17 at 3–4).

▇ In the context of determining whether fraudulent joinder has occurred, this Court "evaluate[s] factual allegations in the light most favorable to the plaintiff and resolve[s] uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez,* 139 F.3d at 1380. Thus, this factor also weighs in favor of granting the motion to amend and the motion to remand.

### C. *Significant Injury to the Plaintiffs*

The next factor requires this Court to consider whether the Bechtelheimers

---

1. The motion to amend is timely under the Court's Case Management and Scheduling Order. (Doc. # 12).

would be significantly injured if the amendment was not allowed. Continental contends that its suggestion to stipulate that "it would not offer HCAA as a *'Fabre* defendant,' would not file a third-party claim for contribution against HCAA, and would not make an 'empty chair' argument directed to HCAA" demonstrates that proceeding without HCAA would not harm the Bechtelheimers. (Doc. # 22 at 13). Continental also asserts that the Bechtelheimers would not be injured if the motion to amend is denied because the Bechtelheimers could sue HCAA in State court. *Id.* at 14.

However, Continental's current postulations regarding possible stipulations regarding *Fabre* defendants and other matters are subject to change and are also subject to court approval. Furthermore, Continental's present trial strategy does not affect this Court's jurisdictional analysis. Last, this Court finds that multiple lawsuits dispersed between the state and federal court are not the most efficient use of judicial resources.

### D. *The Equities and Other Matters*

Evaluating the allegations in the light most favorable to the Bechtelheimers, this Court finds the Section 1447(e) factors and the balance of the equities involved weigh in favor of granting the motion to amend and the motion remand. Significantly, none of the three situations of fraudulent joinder described in *Triggs,* 154 F.3d at 1287, are present in this case. Specifically, a possibility does exist that the Bechtelheimers can prove a cause of action against HCAA, no outright fraud exists in the factual pleadings, and there is a connection between the claims against both

1. Walter A. McNeil, has replaced James R. McDonough as Secretary of the Florida De-

defendants and the possibility of joint, several or alternative liability. Accordingly, this Court finds that Continental has failed to meet its heavy burden of establishing fraudulent joinder.

Thus, this Court grants the motions, allows immediate amendment, and orders the case be remanded to State court due to the parties' lack of complete diversity and this Court's concomitant lack of subject matter jurisdiction.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DE-CREED:**

(1) The Bechtelheimers' Motions for Leave to Amend (Doc. # 17) and for Remand (Doc. # 18) are **GRANTED.**

(2) The Bechtelheimers' First Amended Complaint (Doc. # 17 at 9–19) is deemed filed as of the date of this Order.

(3) The Clerk is directed to **REMAND** this case to State court.

(4) After remand has been effected, the Clerk is directed to **CLOSE THIS CASE.**