[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15475
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-61312-WJZ


RAYMOND H. PIERSON, III,

Plaintiff-Appellant,

versus

BRUCE S. ROGOW, J.D.,
BRUCE S. ROGOW, PA,
CYNTHIA GUNTHER, J.D.,
DOES 1 THROUGH 5, INCLUSIVE,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 12, 2016)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Raymond H. Pierson, III, appeals *pro se* the district court's *sua sponte* dismissal of his "First Amended Complaint," which was the initial complaint filed in the case, for lack of subject matter jurisdiction due to a failure to properly allege diversity of citizenship of the parties.  In Pierson's "First Amended Complaint," he alleged that he was a citizen of California, that the individual defendants were citizens of Florida, and that the amount in controversy exceeded $75,000.  He also alleged that defendant Rogow's law firm, Bruce S. Rogow, PA, was a Florida Corporation.  Attached to his "First Amended Complaint," Pierson included annual for profit corporation reports from the Florida Secretary of State for Rogow's law firm from 2010, 2011, 2012, and 2014.  The documents concerning Rogow's law firm indicated that the law firm had its current principal place of business in 2010, 2011, 2012, and 2014 in Fort Lauderdale, Florida.

The district court dismissed Pierson's "First Amended Complaint" for lack of subject matter jurisdiction because it failed to allege the principal place of business of Rogow's law firm.  On appeal, Pierson contends that the district court improperly dismissed his "First Amended Complaint" for lack of diversity jurisdiction because the attachments to his complaint evidenced that Rogow's law firm was a Florida corporation and had its principal place of business in Florida.

2

He also asserts that district courts may look to both the pleadings and record as a whole to determine whether diversity jurisdiction exists.[1]

We review *de novo* a dismissal for lack of subject matter jurisdiction. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). A federal court may raise jurisdictional issues on its own initiative at any stage of litigation. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006). District courts have subject matter jurisdiction based on diversity if the amount in controversy exceeds $75,000, and the case is between citizens of different states. 28 U.S.C. § 1332(a). For diversity to exist there must be complete diversity: "every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). It is the responsibility of the pleader to "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). When invoking federal jurisdiction based on diversity, those allegations must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

---

[1] Pierson alleged for the first time in his reply brief that the district court judge violated the Code of Judicial Conduct in handling the case. We decline to address this argument because it was raised for the first time in Pierson's reply brief. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Natural persons are citizens of the state where they are domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). A corporation is a citizen of its state of incorporation, and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation does not acquire the citizenship of its affiliates. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 94, 126 S. Ct. 606, 616, 163 L. Ed. 2d 415 (2005). "The jurisdictional rule governing here is unambiguous and it is not amenable to judicial enlargement." *Id.* However, the entire record may be looked to for the purpose of curing a defective averment of citizenship when jurisdiction in federal court is based on diversity of citizenship. *Travaglio*, 735 F.3d at 1269. Additionally, if a district court concludes that it does not have jurisdiction, it must dismiss the case without reaching the merits. *Id.*

We conclude that the district court erred in dismissing Pierson's "First Amended Complaint" for lack of subject matter jurisdiction. In the "First Amended Complaint," Pierson alleged that Rogow's law firm was a Florida corporation, but did not indicate its principal place of business. Nevertheless, the Florida Secretary of State documents that Pierson attached to his complaint evidenced that Rogow's law firm had its current principal place of business in 2010, 2011, 2012, and 2014, in Florida. Moreover, Pierson alleged that he was a citizen of California, the remaining defendants were citizens of Florida, and that

4

the amount in controversy exceeded $75,000.  (*Id.* at 5-6, 12).  Accordingly, we vacate the district court's judgment and remand the case for further proceedings.

VACATED AND REMANDED.