[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12431

Non-Argument Calendar

_____

PETER OTOH,

Plaintiff-Appellant,

*versus*

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

VRMTG ASSET TRUST,

NATIONSTAR MORTGAGE, LLC,

d.b.a. Mr. Cooper,

NEWREZ, LLC,

d.b.a. Shellpoint Mortgage Servicing,

AUCTION.COM ENTERPRISES, LLC, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-02444-TCB

_____

Before GRANT, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Peter Otoh, a *pro se* litigant, brought suit in Georgia state court challenging foreclosure proceedings against his property. The defendants removed the case to the United States District Court for the Northern District of Georgia, asserting federal jurisdiction based on diversity of citizenship. Following a year of litigation on the removal issue, the district court found that diversity jurisdiction existed. Thereafter, it denied Otoh's motion to remand his case to state court and granted the defendants' motion to dismiss Otoh's complaint. Otoh now appeals the denial of his motion to remand, arguing that the district court lacked subject matter jurisdiction. After careful review, we affirm.

## I. BACKGROUND

### A. Otoh's Past and Present Litigation

In May 2023, Otoh filed a *pro se* complaint in the Superior Court of Gwinnett County, Georgia, naming the following parties: (1) VRMTG Asset Trust ("VRMTG Trust"); (2) U.S. Bank Trust National Association, solely as owner trustee for VRMTG Trust ("U.S.

Bank"); (3) Federal National Mortgage Association ("Fannie Mae"); (4) Nationstar Mortgage, LLC, d/b/a Mr. Cooper ("Nationstar"); (5) Mr. Cooper Group ("Mr. Cooper"); (6) Newrez, LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint"); and (7) Auction.com Enterprises, LLC ("Auction.com") (collectively, the "Defendants").

The complaint alleged eight claims relating to foreclosure proceedings on Otoh's home, seven of which are relevant to this appeal. In Counts One and Two, Otoh sought monetary relief for the emotional distress the Defendants intentionally caused him by engaging in "Start-and-Cancel-foreclosure-sale conduct" and by publishing his home foreclosure online. In Counts Four through Eight, Otoh requested cancellation of a security deed on his property, hundreds of millions of dollars in monetary relief, and various forms of equitable relief, including the enjoinment of the foreclosure of his home. He alleged that the Defendants attempted to foreclose on his home using a 2013 security deed assigned to VRMTG Trust, but a 2018 refinancing agreement invalidated this deed.

As background, this case is not the first time Otoh has challenged the foreclosure of his home. In 2019, Otoh brought adversary proceedings in the United States Bankruptcy Court for the Northern District of Georgia against Fannie Mae and Nationstar, seeking, as relevant here, cancellation of the 2013 security deed and a permanent injunction preventing the foreclosure or sale of his property. In September 2020, the bankruptcy court dismissed Otoh's action, finding that the 2018 agreement was a modification

of the 2013 security deed, rather than, as Otoh contended, a refinancing.

Thereafter, in May 2022, Otoh filed a civil complaint in Georgia state court, naming the same defendants as the instant action with the exception of VRMTG Trust, and again arguing that the 2013 security deed was invalidated by the purported 2018 refinancing. The defendants removed the case to the Northern District of Georgia, and the district court dismissed Otoh's complaint, finding that his claims were barred by *res judicata* and his complaint otherwise failed to state a valid claim for relief.

On appeal, we affirmed and held that Otoh's claims were barred by *res judicata* because: (1) the bankruptcy court's dismissal of Otoh's adversary proceedings was a final judgment on the merits; (2) the bankruptcy case and the case on appeal involved the same parties or parties in privity; and (3) all of Otoh's claims involving the validity of the 2013 security deed arose "out of the same nucleus of operative fact and could have effectively been raised during the bankruptcy proceedings." *Otoh v. Fed. Nat'l Mortg. Ass'n,* (*Otoh I*), No. 22-13279, slip op. at 5–7 (11th Cir. July 19, 2023).

*B. The Defendants' Initial Removal Proceedings*

Soon after Otoh filed the operative May 2023 complaint, Shellpoint, VRMTG Trust, and U.S. Bank (collectively, the "Removing Defendants") filed a notice of removal, asserting that all Defendants consented to removal, complete diversity existed between the parties, and the amount in controversy exceeded $75,000. The Removing Defendants alleged that U.S. Bank, a citizen of Ohio, was

24-12431                 Opinion of the Court                   5

"the party whose citizenship [wa]s to be examined," because it was VRMTG Trust's trustee.

The Defendants also moved to dismiss Otoh's complaint. They contended that Otoh previously "filed a multitude of" cases relating to the foreclosure of his property, and his instant claims were either meritless or barred by *res judicata*.

Otoh moved to remand his case to state court, arguing that VRMTG Trust's citizenship was based on that of its certificate holders rather than its trustee, and the Removing Defendants failed to provide this information. The district court denied Otoh's motion and concluded that diversity jurisdiction existed. The district court thereafter granted the Defendants' motions and dismissed Otoh's complaint with prejudice.

On appeal, we vacated the district court's orders. *See Otoh v. Fed. Nat'l Mortg. Ass'n,* (*Otoh II*), No. 23-12302, slip op. at 11 (11th Cir. Feb. 8, 2024). We held that "VRMTG Trust [wa]s not a 'traditional trust,'" so, to establish citizenship, one must look to the citizenship of VRMTG Trust's beneficiaries. *Id.* at 8–9. We remanded with instructions for the court to "afford the [D]efendants the opportunity to respond to Otoh's motion to remand and raise any arguments in opposition, and, if necessary, to amend their notice of removal to establish complete diversity of citizenship." *Id.* at 10–11. We also noted that, on remand, the Defendants were not precluded from raising the issue of fraudulent joinder with respect to VRMTG Trust. *Id.* at 11 n.2.

### C. The Defendants' Second Removal Proceedings

On remand from our Court, the Removing Defendants filed an amended notice of removal and response to Otoh's initial motion to remand. Instead of establishing VRMTG Trust's citizenship, however, the Removing Defendants argued that Otoh fraudulently joined VRMTG Trust to defeat diversity jurisdiction, as Otoh's complaint alleged no valid claims for relief against this party. They asserted that Counts One and Two were meritless under Georgia law, and *res judicata* barred Counts Four through Eight because Otoh fully litigated these claims in his prior bankruptcy and district court cases.

Otoh filed a new motion to remand, again contending that complete diversity did not exist between the parties because the Removing Defendants did not establish the citizenship of VRMTG Trust's beneficiaries or otherwise allege that Otoh and VRMTG Trust were non-diverse.

The district court denied Otoh's motion to remand. It recognized that VRMTG Trust's citizenship was unknown from the record, but it concluded that this fact was unnecessary to resolve the issues before it because "the whole point of the fraudulent joinder doctrine [wa]s that the fraudulently joined defendant d[id] not factor into the jurisdictional analysis." The court observed that Otoh's essential contentions "hinge[d] on his argument that [VRMTG] Trust [wa]s non-diverse, which ma[de] it appear that he intentionally added the party to defeat diversity jurisdiction in th[e] [c]ourt."

The district court concluded that Otoh fraudulently joined VRMTG Trust because he could not establish any legitimate cause of action against this party. The court found that the Defendants possessed a legal right to foreclose on Otoh's home, so their "conduct was not even wrong, let alone extreme and outrageous," which would be necessary to establish a claim for intentional infliction of emotional distress under applicable Georgia law. The court next determined that Otoh's remaining claims were barred by *res judicata*, because (1) there were two previous final judgments on the merits, (2) VRMTG Trust shared "common interests" in Otoh's property, and was thus in privity with the defendants of previous litigations, and (3) Otoh's current claims were rooted in the same underlying contention raised in his previous bankruptcy and district court litigation.

Thereafter, the district court adopted its previous order dismissing Otoh's complaint with prejudice and entered final judgment. This appeal followed.

## II. STANDARD OF REVIEW

We review a district court's denial of a motion to remand *de novo* but review any jurisdictional factual determinations for clear error. *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019). When reviewing a district court's determination of *res judicata,* we review for clear error the factual question of whether parties are in privity and review the district court's legal determinations as to the remaining elements *de novo*. *Rodemaker v. City of*

*Valdosta Bd. of Educ.*, 110 F.4th 1318, 1327 (11th Cir. 2024), *petition for cert. filed* (U.S. Jan. 29, 2025) (No. 24-852).

### III. DISCUSSION

A state-court defendant may remove a claim to federal court "if the case could have been filed in federal court originally." *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004); 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and all plaintiffs are of diverse citizenship from all defendants. 28 U.S.C. § 1332(a).

The judicially created doctrine of fraudulent joinder "provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). When a plaintiff names a non-diverse defendant solely to defeat federal diversity jurisdiction, the district court must ignore the non-diverse defendant and deny any motion to remand the case to state court based on the presence of the "fraudulently joined" party. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). To establish fraudulent joinder, the removing party has the burden of proving by clear and convincing evidence that (1) there is no possibility the plaintiff can establish a cause of action against the fraudulently joined party; or (2) the plaintiff fraudulently pleaded jurisdictional facts. *Id.*

Otoh argues that the district court lacked jurisdiction over his case because the question of whether complete diversity exists remains unresolved, considering the Defendants never established

VRMTG Trust's citizenship, in direct defiance of our *Otoh II* opinion. He further argues that the district court erred in determining that VRMTG Trust was fraudulently joined because there is no evidence to suggest that VRMTG Trust and Otoh are non-diverse, and a party's citizenship must be known to evaluate whether it was fraudulently joined.[1]

As an initial matter, the Defendants did not disobey our directives in *Otoh II*. We explained that, on remand, the Defendants could file an amended notice of removal "to establish complete diversity of citizenship," or alternatively, they could present a fraudulent-joinder argument. *Otoh II*, slip op. at 10–11 & n.2. As fraudulent joinder provides a complete-diversity exception and any fraudulently joined party must be ignored by the district court, VRMTG Trust's citizenship was ultimately immaterial. *See Stillwell*, 663 F.3d at 1332; *Triggs*, 154 F.3d at 1287.

Otoh's appellate arguments primarily rely on the flawed contention that VRMTG Trust's unknown citizenship precluded the district court from analyzing whether he fraudulently joined the party. Otoh fails to address the district court's substantive findings relating to the merits of his complaint and the applicability of *res judicata*. "While we read briefs filed by *pro se* litigants liberally,

---

[1] Otoh also argues in his reply brief that the Defendants engaged in "[u]nderhanded [g]amesmanship" by misrepresenting facts, failing to produce relevant documents, and engaging in criminal threats and harassment. We do not consider arguments raised for the first time in a reply brief. *M.H. ex rel. C.H. v. Omegle.com LLC*, 122 F.4th 1266, 1270 n.1 (11th Cir. 2024).

issues not briefed on appeal . . . are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted).

Nonetheless, the district court properly concluded that Otoh fraudulently joined VRMTG Trust to defeat diversity jurisdiction, because there is no possibility Otoh could establish a valid cause of action against this party. *Stillwell*, 663 F.3d at 1332. As to Counts One and Two, Otoh failed to demonstrate that the Defendants' foreclosure conduct rose to the level of extreme and outrageous to sustain an intentional infliction of emotional distress claim under Georgia law. *See Mayorga v. Benton*, 875 S.E.2d 908, 913 (Ga. Ct. App. 2022) (en banc).

As to Counts Four through Eight, under the doctrine of *res judicata*, a final judgment precludes subsequent litigation of the same claim, regardless of whether re-litigation of the claim raises the same issues as the prior suit. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). Four elements must be present for *res judicata* to bar a subsequent action: (1) there was a final judgment on the merits in the prior suit; (2) the judgment in that suit was rendered by a court of competent jurisdiction; (3) both suits involve identical parties or their privies; and (4) both suits involve the same cause of action. *Id*. If all four elements are met, the district court applies *res judicata* if the claim in the instant suit was, or could have been, raised in the prior suit. *Id*.

The first two elements of *res judicata* are met here because there are two final judgments on the merits by courts of competent jurisdiction: the bankruptcy court and the district court. *See id*.; *In*

*re FFS Data, Inc.*, 776 F.3d 1299, 1306 (11th Cir. 2015). As to the third element, VRMTG Trust is in privity with the prior defendants because they are all loan servicers, lenders, or investors asserting the same right to foreclose on Otoh's property. *See Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986).

Regarding the fourth element, "[i]n general, cases involve the same cause of action . . . if the present case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." *Israel Disc. Bank Ltd. v. Entin*, 951 F.2d 311, 315 (11th Cir. 1992) (quotation marks omitted). "The test for a common nucleus of operative fact is whether the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013) (quotation marks omitted). Otoh's basis for his current claims, the assertion that the 2013 security deed was invalidated by the 2018 refinancing, was previously rejected by both the bankruptcy and district courts. As such, Otoh's claims arise out of the same nucleus of operative fact and could have effectively been raised during his prior proceedings. *See id.*; *In re Piper*, 244 F.3d at 1296, 1301.

Accordingly, we conclude that the district court correctly found that VRMTG Trust was fraudulently joined and did not err in denying Otoh's motion to remand. We need not address whether the court properly dismissed Otoh's complaint, as Otoh abandoned any challenge to this order by failing to raise it in his brief. *Timson*, 518 F.3d at 874.

## IV. CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's denial of Otoh's motion to remand his case to state court.